### 11. ATLANTIC AND BIRMINGHAM RAILWAY CO. *v.* SPIRES.

1. The rule is well settled that a bailee can not dispute or deny the title of his bailor. By the acceptance of the bailment the bailee impliedly admits the title of his bailor, and he is estopped thereafter from disputing it.

2. The rule above given is subject to exception. While the bailee can in no case set up a jus tertii in himself when the goods are claimed by a third person, he may refuse to deliver to the consignee, but he does so at his peril.

3. A common carrier must deliver only in accordance with the bill of lading; and if he delivers to a third person, the onus is upon him to estab-

lish the superiority of the title to which he has yielded. If it is claimed that the bill of lading was procured by fraud, the carrier must clearly establish that fact before he could disregard its directions.

4. No fact or circumstance of fraud, imposition, or mistake, however, will excuse a common carrier from responsibility for delivery to the wrong person.

5. The evidence fully warranted the verdict, and the trial judge did not abuse his discretion in refusing to grant a new trial.

Complaint, from city court of Douglas—Judge Myers. July 26, 1906.

Submitted January 8,—Decided January 11, 1907.

*J. L. Sweat, Quincey & McDonald,* for plaintiff in error.

*F. Willis Dart,* contra.

HILL, C. J. L. C. Spires brought suit against the Atlantic and Birmingham Railway Company, in the city court of Douglas, for the sum of $113.75, being the value of 325 cross-ties alleged to belong to the plaintiff, and which were delivered to the defendant and consigned by the plaintiff to J. E. Broadhead at Brunswick, Ga. A bill of lading covering the property was duly issued by the carrier and delivered to the shipper. It was alleged that the defendant did not deliver the cross-ties to the consignee, but did deliver them to the order of the Mercer Tie Company. The defendant answered said suit, denying the title of the plaintiff to said cross-ties, alleging that they were the property of the Mercer Tie Company and that the bill of lading was fraudulently obtained from it by the agent of the plaintiff. It also denied that the plaintiff was the consignor. The defendant further set up that a demand was made by the Mercer Tie Company to said cross-ties before the delivery of the same to Broadhead, the designated consignee in the bill of lading, and upon investigation it was shown that the claim was well founded, that the cross-ties were the property of the said Mercer Tie Company; and for these reasons defendant refused to deliver to Broadhead at Brunswick.

The defendant undertook to determine the question of title itself. It did so at its peril.

The bill of lading was prima facie evidence of title in the consignor or consignee, and the burden was on the carrier to show clearly that title to the property was in the Mercer Tie Company, to whom delivery was made, and that the bill of lading was fraudulently obtained, or issued by mistake. It is well settled that no

fraud, imposition, or mistake will excuse a common carrier from responsibility for delivery to the wrong person. *Rome Railroad Co. v. Sullivan,* 14 *Ga.* 576; Hutchinson on Carriers (2d ed.), 344; 3 Am. & Eng. Enc. Law (2d ed.), 756-759; Hale on Bailments and Carriers, 22.

The motion for new trial was based on the general grounds. The verdict was fully warranted by the evidence, and the trial judge was satisfied with it, and under repeated rulings of the Supreme Court we will not interfere with his discretion in refusing to grant a new trial.                          *Judgment affirmed.*