32703. ESTRALITA LAMPS INC. *v.* MARIETTA INDUSTRIAL ASSOCIATION INC.

DECIDED OCTOBER 18, 1949.

*Robert H. Brinson Jr.*, for plaintiff in error.

*J. G. Roberts*, contra.

GARDNER, J. (After stating the foregoing facts.) "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them." Code, § 61-101. Under the order of the court in the receivership proceedings, in which the plaintiff landlord intervened, the Marietta Industrial Association Inc., Design Inc., and Estralita Lamps Inc., each accepted the terms thereof and the defendant, Estralita Lamps Inc., became a tenant of the plaintiff landlord during the time it occupied the premises of the landlord, and became obligated to pay the rent as provided for in the court order. The defendant's contention that it was merely a subtenant of the original tenant, Design Inc., is not well founded. Under the agreement, incorporated in the court order, the landlord recognized the tenancy of the defendant and accepted the same. A landlord may elect to treat a subtenant as his own tenant even though the lease did not in the first instance give a right in the tenant to sublet. *Stallings* v. *Shell Petroleum Corp.*, 54 *Ga. App.* 359 (3) (188 S. E. 50). The intervention and the court order quoted in part herein fixed the rights of the parties and thereunder the Estralita Lamps Inc. became the tenant of the landlord and obligated to pay the rent provided for in the order, so long as it occupied the premises of the landlord.

The defendant in this case therefore occupied these premises under the order of the court rendered in the receivership case between it and Design Inc., the original tenant of the leased premises. There was a specific agreement to pay $275 a month,

as rental. By continuing to remain on the premises, the defendant did so under the terms and conditions imposed by the court in said order in the receivership proceedings, to which the landlord intervened. Both the landlord and the defendant accepted the terms and conditions of this order.

A motion is made to assess damages against the plaintiff in error on the ground that the writ of error in this case was sued out for delay only. This court has considered the motion and the cited case of *Moore & Jester* v. *H. B. Smith Machine Co.*, 4 *Ga. App.* 151 (5) (60 S. E. 1035), together with the record in this case, and such motion is denied. This court is not satisfied that this appeal was made for delay only, even though in the opinion of the court the judgment below was proper and the contentions of the defendant are determined adversely to it.

The trial judge did not err in overruling the motion of the defendant to dismiss the case and did not err in thereafter directing a verdict for the plaintiff landlord for the rent claimed, being the agreed rent for the time the defendant occupied the premises of the landlord.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*