### 43907. WILKINS v. HESTER.

Whitman, Judge. The plaintiff below, Hester, brought an action against the defendant, appellant, for damages to his Corvette automobile allegedly sustained while it was bailed to defendant. Plaintiff was taken into custody by the police for a traffic violation. Defendant's wrecker service, under contract with the authorities, removed and stored the plaintiff's automobile. The damage allegedly occurred between the time defendant took custody of plaintiff's car at the scene and the time it was returned the same night, four hours later. A trial was had with the jury finding for the plaintiff. The defendant appeals from the judgment on the verdict. *Held:*
1. The motion to dismiss the appeal is without merit.
2. The first enumeration is that the court erred in rendering judgment in favor of the plaintiff. It is argued that there was no evidence to support the judgment.

The evidence adduced at the trial was that defendant, through

his agents, took custody of the automobile and *drove* it to defendant's storage lot. There was testimony by the plaintiff of his car's physical and mechanical condition just prior to the bailment. There was similar testimony regarding its condition just after it was returned to plaintiff. In particular, plaintiff testified that the automobile's engine had been damaged; that the engine did not sound good when he first cranked it up to leave the defendant's storage area; and that he got only about a mile away when the engine completely failed and ceased to run. Plaintiff also testified that the hood had been scratched and that a convertible top which had been stored in the trunk was missing.

The weight and credibility of this testimony were considerations for the jury. It was sufficient to sustain their finding that the damage occurred while the automobile was in the defendant's possession.

3. The second enumeration is that the court erred in admitting the plaintiff's testimony as to his ownership of the automobile. It was objected to on the ground that a certificate of title or tag slip would be the "highest and best evidence" of ownership. The enumeration is without merit. Generally, a bailee can not dispute or deny the title of his bailor. *Atlantic & Birmingham R. Co. v. Spires*, 1 Ga. App. 22 (1) (57 SE 973). The exceptions to this rule have no application in this case.

4. The next two enumerations are that the trial court erred in admitting the plaintiff's testimony as to the market value of the automobile before and after the damage. The record shows that he stated the facts upon which he based his opinions; therefore there was no error. *Hoard v. Wiley*, 113 Ga. App. 328, 331-334 (147 SE2d 782); *Taber Pontiac v. Osborne*, 116 Ga. App. 274 (157 SE2d 33); *Code* §§ 38-1708, 38-1709.

5. The next three enumerations of error relate to the admission of testimony, over objection, by H. S. Hester, Sr., the plaintiff's father, as to the market value of the automobile before and after the damage, and also regarding its rental value. The record shows that this witness testified that he was familiar with the value of automobiles; that he had bought and sold them in his used car business in which he had been engaged for approximately fourteen years; that he had on about ten occasions in the past been involved in the rental of Cor-

vettes from others. For the same reasons set forth in the previous division, there was no error in admitting this testimony.

The testimony of this witness that he was a used car dealer was objected to on the ground that the "highest and best evidence" of such fact would be his county or state license. This objection was properly overruled. A license would, perhaps, be the "highest and best evidence" of whether one was properly licensed or was licensed at all, but that was not in issue. A person's occupation is something within his own knowledge and he may testify thereto if relevant to the case.

6. Also enumerated as error was the admission into evidence, over objection, of a photograph of the automobile in question. The objection was made upon the ground that there was no testimony as to when it was made. The record shows that defendant's own counsel exhibited the photograph to the jury during his cross examination of plaintiff during a line of questioning regarding the general description of the automobile. Plaintiff authenticated the photograph, testifying that it was a true and correct representation of what his car looked like. It was never contended that the photograph depicted anything else. There was no error in admitting the photograph into evidence. *Moore v. Crowe*, 117 Ga. App. 213 (160 SE2d 406).

7. The next enumeration is on the denial of defendant's motions for a general directed verdict and for a directed verdict on the question of damages for a convertible top which plaintiff alleged was missing when the automobile was returned.

There was no error in overruling the motion for a general directed verdict, but the motion with respect to the convertible top should have been granted. The plaintiff testified that he had last seen the top in the car's trunk compartment while it was in a paint shop the day before, but that he did not know whether the top was there when he received the car from the paint shop the next day. He testified that the next time he looked in the trunk was after he reclaimed the car from the defendant. Thus there is only an inference that defendant is responsible for the missing top. This evidence is not sufficient to support a finding that the defendant ever had possession of the top. Consequently he could not be held liable for it.

8. The plaintiff testified that he was familiar with automobile engines and had repaired engines for his father, a used car

dealer; that his engine had failed due to "over-revving the motor, giving it too many RPMs, too much strain on the motor"; and that a "rod" had failed. He also testified as to the work and parts required for repair. He stated that he had made his own repairs to the car and testified that it took five days to do so. With this testimony in evidence, there was no error in overruling defendant's motion for a directed verdict as to liability for damages for loss of use of the car, which motion was made on the ground that there was no evidence that the time taken for repairs was reasonable or necessary. With the plaintiff having described the nature of the damage and what was necessary for repair, the jury was able to make its own determination of whether the time was reasonable and necessary.

9. Defendant also moved that the testimony of H. S. Hester, Sr. as to the market value of the vehicle be stricken because it did not conform to the allegations in plaintiff's pleadings as to market value. The motion was properly overruled.

10. The only remaining enumeration complains of the trial court's charge. Defendant was given the opportunity to take exceptions to the charge, but took none. Therefore the enumeration presents nothing for review. *Biddinger v. Fletcher*, 116 Ga. App. 532 (3) (157 SE2d 764).

11. Because we are unable to determine from the verdict the amount which may have been improperly included therein because of the trial court's error as discussed in Division 7, and to write off same, a new trial is required, but on the issue of damages only.

*Judgment reversed with direction. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 4, 1968—DECIDED MARCH 14, 1969.

*Jack V. Dorsey*, for appellant.

*Rich, Bass, Kidd & Broome, C. Richard Avery*, for appellee.