## 45170. LINSTER v. CHAMBERS.

Evans, Judge. This is an action to recover sums due and unpaid between employer and employee based upon a letter and merorandum as basis for determining the actual salary, bonus, etc., to be received. The case was heard before the judge without the intervention of a jury. Judgment was returned in favor of the plaintiff-employee, and the defendant-employer appeals from the judgment after a denial of a motion for new trial. *Held:*

1. In the words of the appellant in his brief, "There is a clear conflict between the parties as to the nature of the plaintiff's employment by the defendant as a sales representative from July, 1967, to November, 1967." There was conflicting testimony as to the amount due, the termination date, vacation due, and the contents and meaning of the documentary evidence such that different salary amounts could be inferred from the language used in the memorandums. The court heard the evidence and reached a decision, and it cannot be said that there was no evidence to support the judgment. *Melrose Hills &c. Cemetery v. Norris,* 100 Ga. App. 504, 506 (111 SE2d 649); *McArthur v. Roadway Express Lines,* 109 Ga. App. 30 (135 SE2d 67); *Biddinger v. Fletcher,* 116 Ga. App. 532 (2) (157 SE2d 764).

2. We cannot say from the state of the record, including the argument made by the appellee that the appeal was merely for delay only; hence the request for damages for delay is denied. See *Moore & Jester v. Smith Machine Co.,* 4 Ga. App. 151 (5) (60 SE 1035); *Estralita Lamps v. Marietta Industrial Assn.,* 80 Ga. App. 196, 199 (55 SE2d 822).

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

Submitted April 13, 1970—Decided May 25, 1970.

*M. Charles Mykel,* for appellant.
*Wiggins & Smith, William R. Bassett,* for appellee.