46377, 46378. PHOENIX INSURANCE OF HARTFORD
et al. v. WEAVER et al.; and vice versa.

ARGUED JUNE 29, 1971—DECIDED SEPTEMBER 9, 1971.

*Alexander, Vann & Lilly, Frank T. Holt,* for appellants.

*Frank C. Vann,* for appellees.

EVANS, Judge. This is a workmen's compensation case in which an award was made by a deputy director, thereafter affirmed by the full board with certain immaterial changes. On appeal to the superior court the award was affirmed. The main appeal complains that the lower court erred in denying the appeal of the employer and insurer from the award of the board. The cross appeal complains that the lower court erred in denying the claimant attorney's fees therein in that the appeal was without reasonable grounds and the uncontradicted evidence shows that claimant was entitled to reasonable attorney's fees.

The claimant is the widow of the employee, who died after a lingering illness resulting form a rattlesnake bite which arose out of and in the course of his employment.

Only the first headnote requires further discussion, as the second and third headnotes require no further elaboration. The deputy director and the board each made findings of fact to the effect that the employee died from a blood condition. Defendant's experts testified that said blood condition was leukemia. The deceased lingered for eleven weeks after being bitten by the snake, and never recovered therefrom. There was testimony to the effect that the snake bite contributed proximately to the death of the deceased.

The widow of the deceased testified that her husband continuously suffered from the snake bite from its date until his death, describing his physical condition during that time, including his being constantly attacked by very high fevers, and that he never recovered from the effects of the snake bite.

This case is somewhat similar to the case of *Atlantic C. L. R. Co. v. Godard,* 211 Ga. 373, 379 (86 SE2d 311); and the same case reported later in 93 Ga. App. 671, 672 (92 SE2d 626) in which a ver-

dict for plaintiff was affirmed. The defendant contended that deceased died from cancer, whereas the widow contended he died from a severe beating administered by a robber while her husband was acting in the course of his employment. All of the expert medical testimony was to the effect that the cancer caused death, and that the beating played no part therein; but the widow and her son testified that the deceased went steadily downward in health from the time of the beating until the time of his death, and that he never recovered therefrom. All of the above details are not shown in the reports of the *Godard* case but are shown by the permanent records in the offices of the Clerk of the Supreme Court and the Clerk of the Court of Appeals. Suffice it to say that in a contest between near relatives and physicians as to cause of death, a jury may believe the near relatives where they testify to sufficient familiarity with the ill person to form an opinion. See *American Fidel. &c. v. Farmer,* 77 Ga. App. 166 (17) (48 SE2d 122).

But here also there was testimony of one of the expert medical witnesses to support this finding, and to authorize the finding by the deputy director that the "effects of snake venom and his prolonged weakened condition after his bite may have contributed to the progress of leukemia, and, in any event, caused his condition to be so run down that his death occurred sooner than it would have otherwise."

The sole contention of the appeal is based upon the testimony of the five medical experts who testified that they "knew of no association between leukemia and snake bite," yet there was ample evidence to show that anemia results from a snake bite in that the poison is a hemo-toxin which destroys the blood cells and creates some form of anemia. The employee had never been dismissed as cured by his doctor, at the time of his death. The weight and credit of the testimony of the witnesses, and the conflicts in the evidence are solely matters for determination by the board. See in this connection *Liberty Mut. Ins. Co. v. Williams,* 44 Ga. App. 452 (161 SE 853); *Weathers v. American Cas. Co.,* 94 Ga. App. 530 (95 SE2d 436); *Wiley v. Aetna Cas. &c. Co.,* 98 Ga. App. 241 (104 SE2d 377); *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926); *Wilson v. Aragon Mills,* 110 Ga. App. 392 (138 SE2d 596).

Further, it cannot be successfully contended that the board was bound by the testimony of one or all of the medical experts. Same could have been credited in whole, or in part or discredited and given no probative value whatever. In *Ocean Acc. &c. Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413), it is held: " 'The opinion of an expert witness is not conclusive upon the jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit, giving credence to it or not.' *Manley v. State,* 166 Ga. 563, 566 (19) (144 SE 170); *Liberty Mutual Insurance Co. v. Williams,* 44 Ga. App. 452 (161 SE 853)."

The lower court did not err in affirming the board.

*Judgment affirmed on the main appeal and on the cross appeal. Jordan P. J., and Quillian, J., concur.*