47206. BYERS v. LIEBERMAN.

EVANS, Judge. Patricia Lieberman sued Charles Byers in two counts, seeking a money judgment. Count I sought a judgment for $1,500 based upon three promissory notes, plus interest, costs and attorneys fees. In Count II she sought judgment for $2,127.50, alleging that she paid out such in expenses of the last illness and funeral of her

mother, who was the wife of the defendant. She alleges defendant is legally bound to reimburse her for same. The defendant answered alleging that for lack of sufficient evidence he could neither admit nor deny the execution of the notes in Count I. As to Count II, defendant admitted the family relationship between the parties, but added that for lack of sufficient evidence, he could neither admit nor deny the other averments.

The case came on for trial, and the court directed a verdict against the defendant as to Count I because the defendant had not filed a proper defense thereto, same being a suit on promissory notes in writing. The jury returned a verdict against the defendant on both counts. A motion for new trial based on the general grounds only was thereafter filed, heard and denied. The defendant appeals from "all orders, objections and judgments as provided for in Georgia Civil Practice Act [citing the summary judgment statute—*Code Ann.* § 81A-156 (h)] ... the judgment of the court and the rulings and orders in respect to this case, rendering its verdict in favor of the plaintiff."

In this court the plaintiff filed a motion to dismiss and a motion to assess 10% damages for delay. *Held:*

1. One of the grounds of dismissal is based upon the failure of the appellant to file a supersedeas bond under *Code Ann.* § 6-1002 (Ga. L. 1965, pp. 18, 22) as allegedly required by the lower court. There is no merit in this ground of motion to dismiss. See *Taylor v. Holland,* 20 Ga. 11, 14; *Perkins v. Rowland,* 69 Ga. 661; *Cummings v. Clegg,* 82 Ga. 763 (9 SE 1042); *Ennis v. Ennis,* 207 Ga. 665 (63 SE2d 887).

2. The other ground of the motion to dismiss is appellant's failure to enumerate as error the overruling by the trial court of his motion for new trial, citing *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281). But the judgment overruling a motion for new trial will be considered if such judgment is enumerated as error, *or* if it is specifically appealed from. *Tiller v. State,* 224 Ga. 645, 646 (164

SE2d 137); *Gainesville Stone Co. v. Parker,* 224 Ga. 819, 821 (165 SE2d 296); *Staggers v. State,* 224 Ga. 839 (165 SE2d 300). It is now clear that a losing party may prevent the judgment overruling a motion for new trial from becoming the "law of the case" by appealing directly from such judgment; or by appealing from other appealable judgments and enumerating error on the overruling of the motion for new trial. See the above cited authorities. In this case, the appellant did not enumerate error on the overruling of the motion for new trial, but his notice of appeal clearly indicates an intention to appeal directly therefrom. His language is rather loose, and far from exemplary, as follows: ". . . and requests a review of all orders, objections and judgments as provided for in Georgia Civil Practice Act 81-A-156 (H) and specifically, but not limited to, the pages of the transcript of the testimony of Henry Lieberman beginnning on page 40 through page 58 of said transcript and also the judgment of the court and the rulings and orders in respect to this case, rendering its verdict in favor of the plaintiff." We believe from the above language it was the intention of appellant to appeal from every adverse order and judgment in the case. While "Georgia Civil Practice Act 81A-156 (H)" relates to summary judgments, he was not required to give his authority for the appeal, and we construe this language as mere surplusage. Further, the additional language "and also the judgment of the court and the rulings and orders in respect to this case" was not incumbered by referring to the above statute. This is far from being a perfect notice of appeal, but we believe it suffices. Further, failure to appeal from a judgment overruling a motion for new trial (or failure to enumerate error thereon) will not effect a dismissal of the appeal, but merely concludes the party as to the grounds urged in said motion for new trial. It is the policy of the appellate courts to construe appeals liberally, and to avoid dismissals unless absolutely required to dismiss. Accordingly, the motion to dismiss is denied.

3. The promissory notes and entries thereon demanded a finding in favor of plaintiff as to Count I, and therefore, the enumerations of error as to Count I are not meritorious.

4. The rule of sequestration was not invoked; thus the enumeration of error as to sequestration, as authorized by *Code* § 38-1703, is without merit.

5. The witness Lieberman's testimony of facts within his knowledge about the last days of his deceased mother-in-law, the existence of insurance policies and as to who paid the funeral, hospital and insurance bills was not hearsay, and not subject to any attack made thereon. Further, since the evidence demanded a verdict for the plaintiff as to Count I, no ruling will be made as to the competency of Lieberman to testify in regard to the transfer of the notes by the deceased to the plaintiff. See *Code* §§ 38-303, 38-311, 38-1603 (1, 4).

6. The error enumerated as to the sufficiency of the evidence to support the verdict and judgment (same as the general grounds of the motion for new trial) has not been argued by brief and is, therefore, abandoned.

7. While the evidence demanded a verdict for the plaintiff as to Count I, yet, under *Code* § 20-1007, voluntary payments of claims or debts, "unless made under an urgent and immediate necessity therefor," cannot be recovered back, and had this objection been made at the trial, a new trial might have been necessary as to Count II. Accordingly, we refuse to award penalty for a frivolous appeal as was done in such cases as *Moore & Jester v. H. B. Smith Machine Co.,* 4 Ga. App. 151 (5) (60 SE 1035); *Hardy v. Truitt,* 20 Ga. App. 529 (93 SE 149); *Napier v. Napier,* 119 Ga. App. 143 (3) (166 SE2d 583). We are not satisfied that this appeal was made for delay only, even though no reversible error has been shown in the errors enumerated and properly argued by the defendant. See *Estralita Lamps v. Marietta Industrial Assn.,* 80 Ga. App. 196, 199 (55 SE2d 822); *Linster v. Chambers,* 121 Ga. App. 799 (175 SE2d 875); *Phoenix Ins. Co. of Hart-*

ford v. Weaver, 124 Ga. App. 423 (3) (183 SE2d 920).

Judgment affirmed. Bell, C. J., and Stolz, J., concur.

SUBMITTED MAY 22, 1972—DECIDED JULY 5, 1972.

Guy R. Dunn, for appellant.

Morris, Etheridge, Redfern & Butler, John Wm. Brent, for appellee.