## 51435. CARROLL-LESLIE BUILDERS, INC. v. SERWITZ.

EVANS, Judge.

Morris Serwitz purchased a dwelling house and lot from Carroll-Leslie Builders, Inc. One of the special stipulations in the sale contract was that "Seller guarantees a dry basement for a period of one year from date of closing." Serwitz contends the basement was still wet at closing and despite the seller's insistence that it would be corrected, water remained a problem, and the

seller failed to remedy same.

Serwitz, as plaintiff, sued Carroll-Leslie Builders, Inc. on October 31, 1973, alleging he had been damaged $5,000, which amount would be required to correct the leaky basement. He sought $5,000 damages for breach of the contract and $1,500 attorney fees. A second count was filed in which plaintiff alleged the value of this house as between its fair market value with and without waterproofing was $6,000, and he sought damages in this amount. Defendant answered, denying any indebtedness.

A jury trial was held, and a verdict for $4,000 "difference in the market value of this house" was rendered. A judgment for this amount was rendered in favor of plaintiff. Motion for new trial, as amended, was filed and denied. Defendant appeals. *Held:*

1. Error is enumerated as to a charge on the difference between the value of the house as finished by the seller and the value of the house as it ought to have been under the terms of the contract. Defendant complains that although the charge was abstractly correct, it was not supported by evidence in that this house could have been repaired and the work corrected. See *Allied Enterprises v. Brooks,* 93 Ga. App. 832 (2) (93 SE2d 392); *Mabry v. Henley,* 123 Ga. App. 561, 567 (181 SE2d 884). Yet, the one-year warranty ended, and defendant had failed to remedy the defect. There was testimony that the water problem could be repaired. One expert witness testified that it would cost over $2,000 to make the necessary repairs. However, there was other expert testimony that the water problem in the basement brought about a diminution in the value of the property in an amount of at least $4,000. While a jury is not obligated to believe or disbelieve an expert witness, it is authorized to do so. See *Ford Motor Co. v. Hanley,* 128 Ga. App. 311, 315 (196 SE2d 454); *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, 25 (1) (179 SE2d 290); *Southern R. Co. v. Ward,* 131 Ga. 21 (2) (61 SE 913).

2. The charge as to value as given above was not confusing and misleading to the jury, whether or not there was testimony that the house could be repaired. While the difference in values shown here is not the sole method of ascertaining the measure of damage, the actual costs of

making repairs were not shown, nor was the complete cost to repair shown. There is no merit in this complaint.

3. An expert witness as a real estate broker, appraiser and builder in the metropolitan area of Atlanta was amply qualified as is shown by his being examined fully as to his qualifications and knowledge of residential conditions. See *Wilkins v. Hester,* 119 Ga. App. 389 (167 SE2d 167). The proper foundation was laid for his testimony with reference to market values and a hypothetical question as to correcting the water problem through landscaping, and to attempt to alleviate the problem both inside and outside of the house foundation; also as to values of the house under the different circumstances. Code § 38-1709; *Fulton County v. Power,* 109 Ga. App. 783 (137 SE2d 474).

4. There was evidence to support the verdict and judgment, and it cannot be said to be excessive. It was for the jury to decide as to which testimony to believe. *Boggs v. Shadburn,* 65 Ga. App. 683 (16 SE2d 234).

5. But we do not consider a 10% penalty as damages for a frivolous appeal should be awarded by this court. See *Estralita Lamps v. Marietta Ind. Assn.,* 80 Ga. App. 196, 199 (55 SE2d 822); *Byers v. Lieberman,* 126 Ga. App. 582, 585 (7) (191 SE2d 470).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 24, 1975.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellant.

*Richard P. Decker,* for appellee.