## 63857. CAMERON v. COX et al.

McMurray, Presiding Judge.

This is a landlord-tenant case in which the landlord filed a claim for the sum of $519.04 for back rent and damages. Plaintiff landlord sought by discovery requests for admissions with reference to a lease agreement, the repairs and the issue of a damage deposit; and as to whether or not one month's rent was still owing. Plaintiff also filed certain interrogatories and a motion for summary judgment. In response to the request for admissions the defendant tenant answered admitting the lease agreement, but denied plaintiff was required to make repairs in the amount of $416.59 upon termination of the lease, and denied that he had never paid a damage deposit or that one month's rent was still owing upon termination of the lease.

The record discloses that the case came on for trial. A jury was empaneled, the plaintiff presented evidence substantiating his claim, including court costs, "and the defendant having failed to bring forth any evidence whatsoever," a verdict was directed in favor of the plaintiff. The record also disclosed that the trial court, based on the evidence presented at trial and upon the court's hearing of the plaintiff's motion for assessment of attorney fees and damages, awarded plaintiff the sum of $200 attorney fees and $40 expenses pursuant to Code Ann. § 81A-137 (c) (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1972, pp. 510, 530), which states that if a party fails to admit "the truth of any matter as requested . . . and if the party requesting the admissions thereafter proves . . . the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees." The court shall make an order to that effect unless it finds the request was objectionable, or the admission sought was of no substantial import, or the party failing to admit had reasonable grounds to believe that he might prevail on the matter or there was other good reason for the failure to admit.

The above information, in the preceding paragraph, is shown in the judgment of the court. No transcript of evidence and proceedings were to be filed for inclusion in the record. Defendant appeals pro se, contending the trial court had changed a motion for summary judgment hearing into a jury trial and the trial court erred in granting a motion for attorney fees. *Held:*

1. Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24) requires that where an appeal is taken which draws in question the transcript of the evidence and proceedings, "it shall be the duty of the appellant to

have the transcript prepared at his expense." The notice of appeal discloses that no transcript of the evidence and proceedings would be filed, yet with reference to both enumerations of error a review of the evidence heard during the trial and the hearing thereafter with reference to Code Ann. § 81A-137 (c), supra, requires this court to review the evidence. The defendant contends there was a conflict in that the trial court turned a motion for summary judgment into a trial, and the court erred in awarding attorney fees in the hearing of the plaintiff's motion for assessment of same. These enumerations of error necessarily require consideration of what transpired at trial. These enumerated errors are not meritorious. See *Willadsen v. Willadsen,* 230 Ga. 607 (198 SE2d 318). We, therefore, assume the trial court's findings are supported by competent evidence and must affirm the judgment. *Shoemake v. Chappell,* 238 Ga. 621 (234 SE2d 531); *Curry v. State,* 148 Ga. App. 59 (251 SE2d 86); *Marques v. Myers,* 148 Ga. App. 881 (253 SE2d 262).

2. Plaintiff has moved for the assessment of 10% damages pursuant to Code § 6-1801, contending the cause was taken up for delay only, the suit being one for a money judgment awarded in the trial court. In the status of the record before us we are unable to review anything due to the absence of the transcript. Nevertheless, we are not satisfied the appeal was sought for delay only by this pro se appellant. See *Estralita Lamps v. Marietta Industrial Assn.,* 80 Ga. App. 196, 199 (55 SE2d 822). The taxing of attorney fees was, at most, a colorable matter. *U. S. Fidelity &c. Co. v. Blankenship Plumbing Co.,* 153 Ga. App. 335, 337 (3) (265 SE2d 66).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MAY 5, 1982.

Arthur Cameron, *pro se.*
*Alfred Corriere,* for appellees.