## 77604. SULLIVAN v. CHESHIRE.
(380 SE2d 294)

POPE, Judge.

Appellee-plaintiff purchased a tract of land, consisting of approximately eleven acres, from appellant-defendant. At closing the parties added the following stipulations to the sales contract: "1. The two ponds located on said property shall fill to normal pool level within 18 months of September 3, 1980 with normal rainfall. 2. Docks on said ponds shall be constructed and ponds stocked within 18 months of September 4, 1980. In the event these provisions are not met, the full

purchase price shall be refunded to Buyers." A promissory note for the balance due on the property, a deed to secure debt securing the note and a warranty deed conveying the property were also executed at closing.

The ponds did not fill within the stipulated time, and appellee asked that his purchase price be returned. Appellant testified that he did offer to return the money but that instead the parties agreed to try and resolve the problem by installing wells and pumps, the former to be paid for by the appellant and the latter by the appellee. The ponds, however, still did not fill to normal levels.

Appellee became delinquent in his payments due under the note and appellant instituted foreclosure proceedings. The appellee filed suit against the appellant seeking to have the foreclosure temporarily enjoined and also seeking reimbursement of the amounts paid towards purchase of the property, based on the unfulfilled stipulations contained in the sales contract. The trial court granted the TRO upon the condition, inter alia, that appellee post a bond of $3,000. Appellee failed to post the bond and the trial court issued an order dissolving the TRO. Appellant entered the highest bid at the foreclosure sale and subsequently resold the property to another buyer.

The parties proceeded to trial on appellee's breach of contract claims. The jury returned a verdict for appellee, awarding him $13,726 ($8,000 down payment, plus $5,726 representing the payments made during the first eighteen months under the note). On appeal, appellant challenges the denial of his motions for summary judgment, directed verdict, new trial and judgment n.o.v., as well as the judgment entered on the jury's verdict. We affirm.

1. Although appellant does not dispute that the parties agreed to the stipulation contained in the sales contract, he contends that, as a matter of law, the doctrine of merger bars enforcement of the agreement. "However, it is well settled that where a collateral agreement not mentioned in the deed is shown to exist and the facts of the transaction show the parties intend for the agreement to survive the execution and delivery of the deed, merger does not occur. [Cits.]" *C & G Candler, Inc. v. Ga. Power Co.*, 138 Ga. App. 279, 280 (226 SE2d 87) (1976). See also *Holmes v. Worthey*, 159 Ga. App. 262 (I) (282 SE2d 919) (1981), aff'd 249 Ga. 104 (1) (287 SE2d 9) (1982); *Carroll-Leslie Bldrs. v. Serwitz*, 136 Ga. App. 721 (222 SE2d 178) (1975). "Intention of the parties is the controlling element in such cases, and . . . this is a question for the jury." (Citations and punctuation omitted.) *Rader v. H. Boyer &c. Assoc.*, 142 Ga. App. 97, 98 (235 SE2d 690) (1977).

The record in the case at bar shows that the stipulations were inserted into the sales contract at closing on the advice of the closing attorney that the stipulations be inserted in the contract instead of

the warranty deed. There is no dispute that the parties intended for the stipulations to survive the closing and the execution of the deed. Consequently, this enumeration is without merit.

2. We have examined appellant's remaining enumerations and find them to be without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1989 —
REHEARING DENIED MARCH 14, 1989 —

*Bush, Wallace & Craig, Daniel J. Craig,* for appellant.
*Vincent Davison,* for appellee.