### A94A1916. GAUDET et al. v. STARR et al.
(451 SE2d 476)

ANDREWS, Judge.

James and Jami Gaudet entered into a real estate sales contract to purchase a residence owned by Starr. After a deed to the property was executed to close the sale, the Gaudets allege that they found numerous defects in the property. The Gaudets sued Starr for the cost of repairing the defects and for punitive damages alleging that he breached the sales contract and defrauded them by falsely representing that the property contained no defects. They also sued Dominick, whom the Gaudets hired to inspect the property prior to the closing, alleging that Dominick negligently failed to discover and report the defects in the property. The Gaudets appeal from the trial court's grant of summary judgment in favor of Starr.

The sales contract contained several provisions relevant to the issues raised in this appeal. It provided that "[p]urchaser has examined said property and covenants that no additions, alterations, or repairs are to be made by Seller unless herein specified. Purchaser, its agents or representatives, at Purchaser's expense and at reasonable times during normal business hours, shall have the right to enter upon the property for the purpose of inspecting, examining, testing, and surveying the property. Purchaser assumes all responsibility for the acts of itself, its agents or representatives in exercising its rights under this paragraph and agrees to hold seller harmless for any damages resulting therefrom." An addendum to the sales contract specifically provided that the purchasers intended to have the property inspected by a professional home inspector "within 14 days of the contract" and that the Seller would be responsible for repairing any defects discovered by the inspection. The sales contract provided that, at the time of closing, the Seller would provide an official wood infestation report certifying that the property was free from termites and other wood destroying organisms and free from structural damage caused thereby. The sales contract also contained an "entire agreement" or "merger" clause providing that "[t]he entire agreement is contained herein and no representations, warranties or promises

unless herein contained shall be binding upon the parties hereto. All covenants and warranties contained herein shall be extinguished on closing and shall be merged into any deed or other instrument consummating this contract, except that the possession date shall survive the closing in the event the hereinstated possession date is subsequent to the closing date."

1. A wood infestation report was produced by Starr at the closing showing there was no active termite infestation, but stating that since a previously treated termite infestation was found, "it should be assumed that some degree of damage is present. . . ." Starr does not dispute that, as a result of this report, he agreed in writing at the closing that, subsequent to the sale of the property, he would repair any damage to the property caused by the previous termite infestation as shown on the wood infestation report.

Starr contends that he has made all the repairs he agreed to make pursuant to this written agreement. The affidavit of James Gaudet in opposition to summary judgment states that Starr has failed to make certain unspecified repairs to the property that he agreed to make. Gaudet's affidavit does not clearly state whether the repairs referred to are for damage to the property caused by the previous termite infestation, or for other defects in the property unrelated to the previous termite infestation. Nevertheless, the affidavit was sufficient to create a factual question as to whether Starr made all the repairs he agreed to make for any damages to the property caused by the previous termite infestation. Since it is clear that the parties intended for this agreement to survive the execution and delivery of the deed, this agreement did not merge into the deed. *Sullivan v. Cheshire*, 190 Ga. App. 763, 764 (380 SE2d 294) (1989). Accordingly, Starr was not entitled to summary judgment with respect to his agreement to make repairs for damage to the property caused by the previous termite infestation shown on the wood infestation report produced at the closing.

2. As to the remaining claims made by the Gaudets against Starr, we find the trial court properly granted summary judgment in favor of Starr.

There is no evidence supporting the allegation in the Gaudets' unverified complaint that Starr "intentionally misled and deceived the plaintiffs into believing that the property being purchased contained no defects." Gaudet's affidavit in opposition to summary judgment states that Starr represented that the property was in good condition. The affidavit states that, after the closing, the purchasers discovered certain defects in the property, but it does not allege that Starr knew about or concealed any such defects.

The gravamen of the Gaudets' claim is the allegation that Starr orally stated the property was in good condition and, in addition to

his written agreement to repair any damage caused by the previous termite infestation, Starr orally promised to repair any defects in the property discovered after the property was deeded to the Gaudets at the closing. No such promises were included in the sales contract. Since the Gaudets are not seeking to rescind the sales contract, but to affirm it and sue for damages, they are bound by its terms and are subject to any defenses which may be asserted based on the terms of the sales contract. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 75 (441 SE2d 421) (1994). The "merger" or "entire agreement" clause in the sales contract precludes the Gaudets' reliance on any such verbal promises allegedly made by Starr. *Great American Builders v. Howard*, 207 Ga. App. 236, 240 (427 SE2d 588) (1993).

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 16, 1994 —
RECONSIDERATION DENIED DECEMBER 5, 1994.

*Phillips & Messer, Arthur L. Phillips,* for appellants.
*Martin, Snow, Grant & Napier, Cubbedge Snow III, Alan M. Maxwell,* for appellees.