## A98A1714. FARKAS v. FARKAS.
### (510 SE2d 58)

SMITH, Judge.

Sam Farkas, Sr. ("Sam") brought this trover action against his cousin, Edwin Farkas, Jr. ("Edwin"), to recover possession of a grandfather clock. The case was tried before a jury, which returned a verdict in favor of Sam. Judgment was entered on the jury's verdict, and Edwin appeals, enumerating as error only the trial court's denial of his motion for a directed verdict. Finding no error, we affirm the judgment below.

The record shows that Sam testified he had long admired the clock, which belonged to the litigants' aunt, Gertrude Farkas Meyer, and that shortly before she died she told him it was his. After she died, in 1973, he had the clock moved to an office he shared with Edwin, where it remained for approximately ten years. At that time, Sam returned from a vacation to find the clock had been removed by Edwin. When confronted about the clock, Edwin admitted he had taken it but did not claim ownership of the clock. He stated he knew Sam had no room in his home for the clock; he was having it refurbished and Sam could have it back any time he wished. A family member who was also the cousins' employee at the time testified that he heard this conversation and confirmed that Edwin promised to return it upon request by Sam. Sam acceded to this arrangement. He testified that although Edwin never before had claimed ownership of the clock, when Sam requested the return of the clock in 1997, Edwin refused to return it and claimed the clock was his. This action ensued.

At the close of Sam's case-in-chief, Edwin moved for a directed verdict.[1] The motion was made upon the ground that is now urged on appeal: that to recover in a trover action the plaintiff must prove title to the property, which Sam had failed to do. The gist of this argument is that Sam claimed the clock was an inter vivos gift from his aunt, and in order to show a valid inter vivos gift, it is necessary to show three elements: the donor's intent to make the gift, the donee's acceptance of the gift, and delivery, either actual or constructive. OCGA § 44-5-80. Edwin argues that no delivery was shown by Sam because the clock remained in his aunt's possession until after her death, and Sam therefore did not have good title to the clock and could not maintain a trover action for its recovery. We do not agree with this argument, for several reasons.

First, Edwin is only partially correct regarding the right to maintain an action for trover. It is true, as noted by Edwin, that

---

[1] Although denominated a motion for summary judgment by Edwin's counsel, it is clear that the motion was one for a directed verdict.

"[t]he burden is upon the person alleging title by reason of gift to prove all the essential elements of the gift (intention of the donor, acceptance, and delivery) by clear and convincing evidence. [Cits.]" *McGrew v. Cooper*, 110 Ga. App. 347, 350 (3) (138 SE2d 453) (1964). But to maintain a trover action, one need not always prove title. To recover in such an action, ordinarily the plaintiff must show *either* title or right of possession, since title is generally presumed to follow possession. *Kornegay v. Thompson*, 157 Ga. App. 558, 560 (4) (278 SE2d 140) (1981). In this case, Sam showed possession; the clock had been in his possession for ten years when Edwin removed it. And although the presumption of title following possession is rebuttable, id., it was not rebutted in this case. Edwin did not testify and did not claim ownership of the clock.

Second, a bailment was proved in this case, since the unrebutted evidence showed that Edwin was merely keeping the clock for Sam until he desired its return. And "[t]he rule is well settled that a bailee can not dispute or deny the title of his bailor. By the acceptance of the bailment the bailee impliedly admits the title of his bailor, and he is estopped thereafter from disputing it." *Atlanta & Birmingham R. Co. v. Spires*, 1 Ga. App. 22 (1) (57 SE 973) (1907).[2] See also *Wilkins v. Hester*, 119 Ga. App. 389, 390 (3) (167 SE2d 167) (1969). Because Edwin was estopped from disputing Sam's title, the trial court did not err in denying his motion for a directed verdict.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 30, 1998.

*Martin & Hall, Michael C. Hall*, for appellant.
*Farkas & Ledford, Leonard Farkas*, for appellee.

---

[2] Although there are exceptions to this rule, id., they are not applicable here.