# REPORTS OF CASES

### ADJUDICATED IN THE

# SUPREME COURT OF GEORGIA.

MARCH TERM, 1846.

Ga.
1    1
88   366
1    1
113  639
1    1
125  388

No. 1.—Doe ex dem. Truluck et al. *vs.* Peeples et al.

## *Motion to Dismiss Writ of Error.*

The Bill of Exceptions must be drawn up by the party, or his Attorney, within four days after the trial in which the decision complained of has been made; and must be certified, and signed by the presiding judge, within that time.

The certificate of the judge below, in this case, being without date, the court will presume in favor of public officers, in the absence of all proof to the contrary, that they discharge their duty in compliance with the law.

The errors complained of should be plainly and distinctly specified in the bill of exceptions.

The giving of bond and security, upon the carrying up of cases to the Supreme Court, is *optional*, not *compulsory*.

The bill of exceptions will operate as a supersedeas only where bond and security has been given, or affidavit filed, in conformity with the Act organizing the Supreme Court.

Where no bond has been given, or affidavit filed, the opposite party is at liberty to proceed to enforce his rights, in the court below, by execution, or otherwise.

This cause was called up in its order, when AKIN, of counsel for defendants in error, moved to dismiss the writ, on the following grounds :

1. Because it did not appear from the record before the court, that the bill of exceptions was made out, and certified by the presiding judge, within four days after the trial, as required by the Act organizing the Supreme Court.

2. That the bill of exceptions did not show the grounds upon which the decision below was made.

3. That the bill of exceptions was too general and uncertain.

4. That the original bill of exceptions had not been returned into this court by the clerk of the court below, as required by said act.

5. That no bill of exceptions had been filed.

6. That it did not appear that bond and security had been given, or affidavit filed, as said act required ; nor that the plaintiffs in error resided out of the county in which the decision complained of was made.

The bill of exceptions, and certificate of the judge of the court below,

1

Doe ex dem. Truluck et al. *vs.* Peeples et al.

were without date ; though the transcript of the record sent up showed that the trial was had on the 10th of February, 1846, and that the notice of the filing of the bill of exceptions was given on the 13th day of the same month.

The ground of error set forth in the bill of exceptions was, that the court below rejected the deed which was offered in evidence, on the ground that its execution *was not sufficiently proven,* and thereupon awarded a nonsuit, without specifying any particular defect in the proof, or showing wherein the same was deemed insufficient.   The rejected deed was executed on the 9th of January, 1833, and recorded on the 21st of June, 1839.   It purported to have been executed in the presence of two attesting witnesses, and acknowledged before a Justice of the Peace ; but there was neither date nor place to the acknowledgment.

The paper produced as the original bill of exceptions did not set forth a copy of the deed, but referrèd to it, together with the proceedings in the court below ;—and a copy of the deed " in words and figures" was embodied in the transcript of the record from the court below.

The record was silent as to whether any bond had been given, or affidavit made ; and also, as to the residents of the plaintiffs, in error.

This motion was argued by AKIN for defendants in error,—and by HANSELL, UNDERWOOD and JONES for the plaintiffs.

*By the Court—*LUMPKIN, *Judge.*

As to the first ground the act creating this tribunal is explicit, that the bill of exceptions must be drawn up by the party or his attorney, within four days after the trial, in which the decision complained of has been made ; and certified and signed by the presiding Judge within that time. The difficulty here is, that the certificate has no date : But must not this court, in favor of Public Officers, presume that they discharge their duty, in compliance with the law, in the absence of all proof to the contrary ? Moreover, it is in proof that notice, that the Bill of Exceptions had been certified and signed by the Judge, was served upon the adverse party on the third day after the trial.   It is apparent, therefore, that this act was performed within the *four days.   Id certum est quod certum reddi potest.*

The second and third grounds may be considered together.   The 4th section of the statute prescribes that the party bringing up the cause shall specify in the bill of exceptions the errors complained of.

It is very important for the correct administration of the law, as well as for his own justification, that the Circuit Judge in the language of the Legislature should see to it, that the bill of exceptions " *be true and consistent with what has transpired in the cause before him,*" for upon this paper, and the transcript of the record *alone,* all matters in this court must be heard and determined.   The omission of a single fact, or the insertion of one which did not exist, may, and likely will, defeat the ends of justice.   The court are constrained to admit that the errors complained of, are not set forth with that distinctness which is desirable ; still they do not deem the defect in this instance so palpable as to force the court to dismiss the writ.   A copy " in words and figures" of the rejected deed is set out in the record, and the Judge certifies that it is a true narrative of what transpired before him, in the trial below.   We infer, therefore, that there was no evidence produced as to the execution of the deed except the endorsement of registration by the clerk upon the attestation of two

subscribing witnesses, accompanied with the acknowledgment of the feoffor in the presence of the magistrate, and that the error, if any was committed, consisted in ruling that this proof was insufficient to authorize the document tendered to go before the Jury.

The fourth and fifth grounds are abandoned.

To prevent misapprehensions the court would observe, that the bill requires, that a " complete transcript of the entire record of the cause below," and also the bill of exceptions, be sent up to this court.

The last and perhaps the most important objection is that embraced in the 6th ground, namely :—That no bond and security had been given.

We meet it by saying that none is required.

The giving of bond and security is *optional*, not *compulsory*.

In all cases where Bond is given, or an affidavit filed as provided for by the law, it operates as a *supersedeas*.

Failing to do this, the opposite party is at liberty to proceed to enforce his rights by execution, or otherwise. The court are aware that there are portions of the statute which seem to militate against this construction. They feel confident, nevertheless, that this interpretation will best subserve the intention of the General Assembly, and reconcile all the provisions of the act. They hold then, that the giving of bond, or the filing of affidavit, in certain cases, is a condition precedent, that must be complied with, where the bill of exceptions is to operate as a supersedeas.

The failure or neglect to do this will not prevent this court from hearing and determining the causes, which may be sent up from the courts below.

The motion is therefore overruled.