CUMMINGS vs. CLEGG.

Where litigation in the superior court involves resistance to a levy made upon property under execution, merely taking the case to the Supreme Court by writ of error after judgment or decree for the plaintiff, without giving bond or making affidavit, is no obstacle to proceeding with the levy whilst the case is pending in the Supreme Court, or before the *remittitur* is returned to the court below.   A *supersedeas* does not result from the pendency of a writ of error alone, but from the bond or affidavit provided for by ₴4263 of the code.

July 8, 1889.

Practice.  Levy and sale.  *Supersedeas.*  Before Judge KIBBEE.   Dooly superior court.   September term, 1888.

On October 25, 1877, an execution in favor of Clegg against Thomas Cummings was levied on land, and Mary Cummings, the wife of defendant, interposed a claim, pending the trial of which, George Trippe, the owner and controller of the execution, filed his bill in equity to enjoin the claimant from interfering with the property, and for a receiver, to which Thomas and Mary Cummings filed their answer and cross-bill.   This was disposed of adversely to them at the March term, 1886, of the superior court, and carried by writ of error to the Supreme Court at its October term, 1886, when, the death of George Trippe being suggested, the case was

continued to the March term, 1887, when, no parties having been made, it was passed subject to such motion as might be made for its disposition. On March 19, 1888, when the case was next reached in its order, (during the hearing of cases of the October term, 1887,) it was dismissed; and on April 21st, the *remittitur* issued. On June 4, an affidavit of illegality was filed by Thomas Cummings, alleging that the execution was proceeding against him illegally by a levy on his property, because (1) so far as he knew, the case was still pending in the Supreme Court; (2) no *remittitur* from that court had been filed in the office of the clerk of the superior court; (3) if the cause had been determined in the Supreme Court, the judgment thereof had not been made the judgment of the superior court; and (4) the *fi. fa.* was proceeding to sell the same land, the levy upon which was superseded by the writ of error to the Supreme Court, which *supersedeas* still remains of force until the judgment of the. Supreme Court is made the judgment of the superior court.

The hearing of this affidavit was on September 18, 1888, during the September term, to which presumably the affidavit was returnable. It then appeared that the *remittitur* from the Supreme Court was entered, and the judgment of that court made the judgment of the superior court, one week previously. The court ordered that the affidavit be dismissed, and that the plaintiff recover of the defendant the costs to be taxed by the clerk. The defendant excepted because the court failed to sustain his affidavit, and because of want of authority to award costs against him.

G. W. WOOTEN and MARTIN & SMITH, for plaintiff in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

Referring to the official report for details, the material facts may be summarized as follows : A mortgage *fi. fa.* was levied upon land, and a claim interposed, after which the claim case, it seems, was absorbed by a bill and cross-bill, to which the plaintiff in *fi. fa.* was a party on one side, and the claimant and the defendant in *fi. fa.* were parties on the other side. This equity cause was tried, adjudicated in favor of the plaintiff in *fi. fa.*, and thereupon was carried to the Supreme Court by the claimant and the defendant in *fi. fa.* The writ of error was dismissed and the judgment below thereby affirmed. The plaintiff in *fi. fa.* attempting then to proceed with his levy and enforce the same, the defendant filed an affidavit of illegality, upon the grounds that the case was still pending in the Supreme Court; that no *remittitur* from that court had been filed below; that the judgment of the Supreme Court had not been made the judgment of the superior court; and "that by reason of said cause having been carried to said Supreme Court by writ of error, said *fi. fa.* was superseded, which *supersedeas* has remained and still remains in force, and will so remain until the judgment of said Supreme Court is made the judgment of said superior court of Dooly county." Before the affidavit of illegality was heard and determined, the *remittitur* from the Supreme Court was entered on the minutes of the superior court. Upon the hearing of the affidavit, the presiding judge overruled and dismissed the same and gave judgment for the costs against the affiant.

The writ of error and the pendency of the same in the Supreme Court, constituted no obstacle to proceeding with the levy, unless a *supersedeas* was duly obtained; and this could be done only by giving bond and security, or filing an affidavit in the terms of section 4263 of

the code. The affidavit of illegality sets up that by reason of the cause having been carried to the Supreme Court by writ of error, the *fi. fa.* was superseded; but the law is that the writ of error does not operate as a *supersedeas* unless the statutory requirement as to bond and security or affidavit be complied with. *Truluck vs. Peeples*, 1 *Ga.* 1; *Allen vs. Mayor, etc.*, 9 *Ga.* 286; *Irwin vs. Jackson*, 34 *Ga.* 103-4. In special applications for extraordinary remedies, such as injunction, etc., other sections of the code apply. (§§3212, 3215, 3216, 3206, etc.) Notwithstanding the general language of the opinion in *Western & Atlantic Railroad vs. The State*, 69 *Ga.* 524, it may well be doubted whether a writ of error or bill of exceptions, even in these extraordinary cases, or any of them, will operate as a *supersedeas*, without some special order in connection therewith. Citing this case in *Howard vs. Lowell Machine Co.*, 75 *Ga.* 328, it is said: "Had there been a case between these parties and the complainant respecting the same subject-matter pending in this court, and had the decision excepted to been superseded, then it would have been taken from his cognizance, and any order modifying the decree during the pendency of the writ of error, would have been *coram non judice* and void." And important element in this extract consists of the words "had the decision excepted to been superseded." How superseded? By the order of the judge and compliance therewith as prescribed in section 3212, *supra*. It should be observed further, that did a writ of error without a *supersedeas* divest the court below of power to proceed judicially in the cause covered by such writ of error, it would not follow that a party might not, through the sheriff, proceed with ministerial acts to realize the money due upon a *fi. fa.* Surely to hinder such acts, done not by order

of court but at the instance of a party, a *supersedeas* regularly obtained would be necessary.

The result is, that the court below committed no error.

Judgment affirmed.