## WALKER *et al. v.* EQUITABLE MORTGAGE COMPANY.

*Simmons, C. J.*—1. Where a bill of exceptions, presented to the trial judge within the time prescribed by law, was not certified until after the expiration of such time, and the only reason for the delay in certifying was that "on account of other pressing official business" the judge did not have time "to examine, correct and certify" the bill of exceptions, the writ of error must be dismissed. As a bill of exceptions must be certified within a specified time, attention to it by the judge should have precedence over other matters which can be postponed.

2. Sections 5542, 5545 of the Civil Code distinctly provide under what circumstances certifying a bill of exceptions after the expiration of the legal time will be valid. The phrase in the former section, "if the judge is absent from home, or by other casualty fails to certify the bill of exceptions within the time specified," does not apply to a case of delay in signing caused by pressure of official work; and there is nothing in the present case rendering the latter section applicable, it not appearing that the bill of exceptions was returned to counsel for correction and afterwards certified by the judge.    *Writ of error dismissed.*

Argued November 16,—Decided November 23, 1896.

Motion to dismiss writ of error.

The judgment excepted to was rendered on May 9. The judge's certificate to the bill of exceptions was dated July 24. In a further certificate he stated that the bill of exceptions was presented to him within less than thirty days after the date of the judgment complained of, but that on account of other pressing official business he had not had time to examine, correct and certify the same before. See, since the foregoing decision, Acts 1896, p. 45.

*J. H. Lumpkin* and *E. H. Cutts*, for plaintiffs in error. *E. A. Hawkins* and *Payne & Tye*, contra.