#### 1104.  BENNETT *v.* RALF.

HILL, C. J. 1. Where the bill of exceptions recites that it was tendered within the time prescribed by the Civil Code, § 5539, the writ of error will not be dismissed because the presiding judge failed to certify the same within the statutory period, unless it be made to appear that his failure to so certify was caused by some act of the plaintiff in error or his counsel. Acts 1896, p. 45; *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168).

2. In computing the ten days within which a bill of exceptions should be served, section 4, paragraph 8, of the Political Code, is applicable, and only the first or last day should be counted. Consequently a bill of exceptions certified on the 11th day of March, 1908, and served on the 21st of March, 1908, is within the ten days prescribed. *Rusk* v. *Hill,* 117 *Ga.* 722 (45 S. E. 42).

3. The failure to pay costs and give bond, or to file a proper pauper affidavit in lieu thereof, in excepting to the judgment of the court below, will not deprive this court of jurisdiction. It is only where it is desired that the bill of exceptions shall operate as a supersedeas that costs' must be paid and bond given or pauper affidavit filed. *Cummings* v. *Clegg,* 82 *Ga.* 766 (9 S. E. 1042); *Perkins* v. *Rowland,* 69 *Ga.* 661.

4. Where the only assignment of error contained in the bill of exceptions is not alluded to or insisted on in the brief submitted for the plaintiff in error, this court will treat it as having been abandoned. *Dicks* v. *State,* 1 *Ga. App.* 192 (58 S. E. 335); *Hines* v. *State,* 2 *Ga. App.* 383 (58 S. E. 524); *Stewart* v. *Marietta F. & B. Co.,* 129 *Ga.* 418 (59 S. E. 231).    *Judgment affirmed.*

Certiorari, from Cobb superior court—Judge Gober. January 7, 1908.

Submitted May 8,—Decided July 8, 1908.

In the superior court a motion was made to dismiss the certiorari, because of failure to give due notice as to the time for hearing. The record does not show any judgment on this motion, but shows a judgment sustaining the certiorari and remanding the case to the justice's court for another trial. The bill

of exceptions recites that "the court refused to dismiss the certiorari, but granted the same," and refused "to put any kind of order upon the motion [to dismiss the certiorari] hereto attached as an exhibit." The bill of exceptions does not assign error either upon the refusal to dismiss the certiorari or upon the refusal to put any kind of order upon the motion to dismiss. The only assignment of error is as follows: "Defendant in certiorari excepted to the order and judgment of the court sustaining the certiorari, and now excepts to the same upon the ground and for the reason that the same, as he insists, is contrary to law, and assigns the same as error." In the brief submitted for the plaintiff in error this assignment of error is not alluded to, the brief being confined entirely to the refusal of the court to dismiss the certiorari or to enter upon the motion to dismiss an order refusing to entertain the motion.

In this court a motion was made to dismiss the writ of error, on the following grounds: (1) "Because plaintiff in error failed to present his bill of exceptions or to file the same within sixty days from the time he claims the alleged error complained of was made by the court below, the ruling and judgment complained of having been made January 7, 1908. The plaintiff in error did not present his bill of exceptions until March 11, 1908, a period of 64 days having elapsed." The bill of exceptions recites that it was tendered to the presiding judge within sixty days from the date of the judgment excepted to. (2) "Because plaintiff in error failed to serve defendant in error with a copy of the bill of exceptions within the time prescribed by law, there being eleven days from the time of granting bill of exceptions until acknowledgment of service by counsel for defendant in error." The bill of exceptions was certified on March 11, 1908, and served on March 21, 1908. (3) "Because none of the costs in the case have been paid by plaintiff in error; neither has he filed any affidavit in forma pauperis, as appears of record."

*J. E. Mozley, H. B. Moss,* for plaintiff in error.

*R. N. Holland,* contra.