7348. SPOONER v. COACHMAN.

Wade, C. J. 1. Failure to file a valid or sufficient bond or a pauper's affidavit (Civil Code of 1910, § 6165), when filing a bill of exceptions to this court, is no ground for dismissal of the writ of error (*Bridges* v. *Jaques & Tinsley Co.,* 3 *Ga. App.* 295, 59 S. E. 826, *Bennett* v. *Ralf,* 4 *Ga. App.* 484 (3), 61 S. E. 887, *Cummings* v. *Clegg,* 82 *Ga.* 766, 9 S. E. 1042, *Perkins* v. *Rowland,* 69 *Ga.* 661), but simply results in no supersedeas, and "the opposite party is at liberty to proceed to enforce his rights by execution, or otherwise." *Truluck* v. *Peeples,* 1 *Ga.* 1, 3. This court therefore will not inquire into the validity or sufficiency of the supersedeas bond in this case, and the motion to dismiss the writ of error for alleged defects therein is overruled.

2. A motion to dismiss a case must be based upon defects appearing in the record. Section 3296 of the Civil Code, which requires that the justice of the peace or notary public with whom a mortgage on personal property and an affidavit foreclosing the same has been filed shall "give notice to the mortgagor of said proceedings at the time of issuing execution," does not require that the execution shall recite that such notice has been given. There was consequently no error "in overruling the objection to the mortgage fi. fa. [raised in the superior court on appeal] based upon the ground that it did not show that the justice of the peace had given notice to the defendant in fi. fa. as required by law." *McFarlin* v. *Reeves,* 10 *Ga. App.* 581 (73 S. E. 862).

3. Where a mortgage on personal property is foreclosed in a justice's court and an affidavit of illegality is interposed by the defendant, and it

45

does not appear from the record that the failure of the justice of the peace to give notice to the mortgagor, in compliance with section 3296 of the Civil Code, was therein urged or suggested as a ground of defense, or by way of abatement, and where it appears that the case was appealed by consent to the superior court, and several months thereafter a plea, denominated by the defendant a "special plea in bar," was filed in the superior court, which raised for the first time the issue that the mortgage foreclosure was invalid because of the failure to give such notice, and the court upon motion struck the plea, there is no merit in the exceptions pendente lite complaining of his action in so doing, and of his refusal to dismiss the levy.

(*a*) The issue raised by the plea filed in the superior court, as to the giving of the notice required by section 3296 of the Civil Code, was one which could not be determined from an inspection of the record; this plea sought to abate the proceedings then pending, and did not go to the justice of the demand, and, since it was a dilatory plea, should have been filed in the justice's court at the appearance term when the illegality was interposed. See Civil Code, §§ 4727, 5641.

(*b*) The case of *McFarlin* v. *Reeves*, supra, was a claim case appealed from a justice's court to the superior court, and the claimant made no motion to dismiss the levy of the mortgage fi. fa., upon the ground that the justice of the peace had not notified the mortgagor at the time of issuing the execution upon the affidavit of foreclosure. Without determining whether a claimant might raise this issue merely upon motion, anything in that decision seemingly in conflict with what is ruled in this case is, after careful consideration, hereby expressly overruled.

4. Since there was no plea raising this issue, after the court had dismissed the plea in abatement because it was not filed at the time fixed by law, the court did not err in declining to admit testimony tending to prove that no notice had been given the mortgagor by the justice of the peace at the time the execution was issued thereon.

5. There was no merit in the challenge to the array, filed by the defendant before the jury was stricken, or in the contention of the defendant in the court below that the act of 1915 (Acts of 1915, p. 27), providing for the holding of four terms in each year of the superior court of Miller county, is unconstitutional and void because the caption thereof, which is as follows: "An act to provide for the holding of four terms in each year of the superior court of Miller county, to provide for the times for holding same, and for other purposes," refers to more than one subject-matter, or contains matters different from what is expressed in the title thereof, in violation of article 3, section 7, paragraph 8 of the constitution of Georgia (Civil Code, § 6457). This question is not certified to the Supreme Court, for the reason that the precise questions involved have been too often adjudicated by that court to require citation of authority. Everything in the act itself relates expressly to or provides the means and method of holding four terms of the superior court in each year in Miller county. See also, as to the challenge to the array of jurors, the cases of *Tompkins* v. *State*, 138 *Ga.* 465 (75 S. E. 594); *Lynn* v. *State*, 140 *Ga.* 387 (79 S. E. 29); *Lynn* v. *Flanders*, 141 *Ga.* 500 (81 S. E. 205). The jury was a legal jury.

6. There was evidence to authorize the verdict, there is no merit in any of the points raised by the exceptions pendente lite or in any of the grounds of the motion for a new trial, and the court did not err in refusing the grant of a new trial.                 *Judgment affirmed.*

DECIDED OCTOBER 24, 1914.

Appeal; from Miller superior court—Judge Worrill. March 1, 1916.

*W. I. Geer,* for plaintiff in error. *Billie B. Bush,* contra.