8009.   CLARKE *v.* ALLEN, constable.

Where the trial judge, on tender of a bill of exceptions for certification within the time prescribed by law, returned it to counsel for the excepting party because he did not then have time to read it, the judge stating that he would "take it up later" and would consider it as presented on the day on which it was originally tendered, and it was presented to him again nearly three months later, and he then signed it, reciting these facts, without further explanation than that he was "busy holding courts since out of the county, except Saturdays" on which he held "motion courts" in the city in which the excepting counsel resided, and during that time was busy, and had never called for the bill of exceptions, the writ of error must be dismissed.

DECIDED APRIL 3, 1917.

Money rule; from Hall superior court—Judge J. B. Jones. July 29, 1916.

The exceptions were to a judgment rendered on July 29, 1916. The date of the judge's certificate to the bill of exceptions was November 14, 1916. His signature to the certificate was preceded by a note as follows: "This bill of exceptions was presented to me during the recess of a trial on August 26th, 1916. Not having time to read the exceptions at that time, I told counsel for plaintiff in error to make a memorandum of its having been presented that day, take the bill of exceptions, and that I would take it up later, and that I would consider it presented that date. I have been busy holding courts since out of the county, except Saturdays that I would hold motion courts in Gainesville, during which time I have been busy. I have never called for the bill of exceptions from the counsel for plaintiff in error. It was given to me this day to have this certificate made."

*A. C. Wheeler, W. N. Oliver,* for plaintiff.
*William M. Johnson,* for defendant.

PER CURIAM.  Motion to dismiss is made in this case on the ground that the judge failed to certify the bill of exceptions within the statutory time.  It is well settled, by numerous decisions of our Supreme Court and of this court, that failure of the judge to certify the bill of exceptions within the time provided by the statute will not cause a dismissal of the case, unless such failure be occasioned by the act of the plaintiff or his counsel.  Civil Code, § 6187; *Walker* v. *Equitable Mortgage Co.,* 100 *Ga.* 84 (26 S. E. 75); *Jones* v. *State,* 100 *Ga.* 579 (28 S. E. 396); *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168); *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136); *Nation* v. *Jones,* 3 *Ga. App.* 83 (59 S. E. 330); *Bennett* v. *Ralf,* 4 *Ga. App.* 484 (61 S. E. 887); *Harnage* v. *State,* 7 *Ga. App.* 573 (67 S. E. 694); Acts of 1896, 45. But the certified facts of this case are similar to those in *Parkman* v. *Dent,* 109 *Ga.* 289 (34 S. E. 559), and *Sutton* v. *Valdosta Guano Co.,* 115 *Ga.* 794 (42 S. E. 94).  In those cases the writ was dismissed where it appeared that it had been returned by the judge to the movant's counsel for correction and was held out by them for an extended and unnecessary length of time.  See also *Clay* v. *State,* 4 *Ga. App.* 142 (1), 144-5 (60 S. E. 1028).  In this case the writ, though originally presented in time, was returned by the judge to counsel, because at the time it was handed to him he was engaged in another case, he then making the statement that he would take it up later and consider it as presented on that day.  Nearly three months elapsed before counsel for the plaintiff in error again presented the writ to the judge for his certification, though it is stated in his certificate that on each subsequent Saturday he had held motion court in the town of the residence of said counsel.  It thus appearing that there had been ample opportunity to present the same in reasonable time, and no cause being shown to the contrary, this court feels compelled to grant the motion to dismiss, and it is ordered accordingly.

*Writ of error dismissed.   Broyles, P. J., Jenkins and Bloodworth, JJ., concur.*