50591, 50592. SCROGGINS v. RIDGE NASSAU CORPORATION; and vice versa.

BELL, Chief Judge.

Plaintiff brought this suit on an open account to recover a money judgment against the defendant Scroggins individually, doing business as Complete Door Service Company, Complete Enterprises, Inc. doing business as Complete Door Service Company and against Kinnear Corporation. The case was tried before a jury. At the close of the evidence Scroggins moved for a directed

verdict which was denied. The jury returned a verdict solely against him. His motion for judgment n.o.v. was denied. The defendant appeals and the plaintiff cross appeals.

The evidence shows that the defendant Complete Enterprises Inc., trading as Complete Door Service, purchased doors from plaintiff which were delivered. At the time this transaction occurred the defendant Scroggins was only an employee of defendant Complete Enterprises. There is no evidence that Scroggins had any dealing or transaction with plaintiff in connection with this purchase or that he did any business as an individual as Complete Door Service Company.

It does appear from the evidence that after the purchase and delivery of the material the defendant Scroggins became a majority stockholder of Complete Enterprises, Inc. Later assets of the corporation were sold to Kinnear Corporation, and a check in payment was made to the defendant Scroggins which he deposited in his personal checking account. *Held:*

Main Appeal.

1. There is no evidentiary basis in this action at law by which Scroggins as an individual can be held liable to plaintiff for this debt which was incurred by the corporate defendant. There is some authority that equity may decree a corporate officer or stockholder personally liable for a corporate debt where it is shown that he had misappropriated corporate assets. See *Lamar v. Allison,* 101 Ga. 270, 276 (28 SE 686) and *Tatum v. Leigh,* 136 Ga. 791 (72 SE 236). However, equitable relief was neither sought in the complaint nor could it have been granted by the trial court, the State Court of Cobb County, for it has no equity jurisdiction. Code § 2-3901. Therefore a verdict for Scroggins was demanded and the trial court erred in denying the motion for judgment n.o.v.

Cross Appeal.

2. The cross appeal raises two issues one of which has been rendered moot by our holding in Division 1.

As to the other issue, the plaintiff moved for a dismissal of the appeal in the trial court on the grounds that the plaintiff had failed to post a supersedeas bond after being ordered to do so by the trial court. The motion

was denied. The failure to file a supersedeas bond is not a ground for dismissal of an appeal. Code Ann. § 6-809 (b); *DeFee v. Williams,* 114 Ga. App. 571 (151 SE2d 923). We affirm the judgment denying the motion to dismiss the appeal.

*Judgment reversed with direction in case No. 50591; judgment affirmed in case No. 50592. Webb and Marshall, JJ., concur.*

ARGUED MAY 5, 1975 — DECIDED JULY 16, 1975 —
REHEARING DENIED JULY 31, 1975.

*Scott Walters, Jr.,* for Scroggins.
*Lipshutz, Macey, Zusmann & Sikes, Bartow Cowden, III,* for Ridge Nassau Corp.