33077, 33078. CRYMES v. CRYMES; and vice versa.

MARSHALL, Justice.

The appellant-husband filed a complaint for divorce against the appellee-wife. The trial court rendered a judgment on the pleadings granting both parties a divorce on the ground that the marriage was irretrievably broken, and neither party complains of this ruling on appeal.

The appellee does move to dismiss the appeal because of the appellant's failure to comply with an order of the trial court requiring a supersedeas bond to be filed. See Code Ann. § 6-1002 (Ga. L. 1965, pp. 18, 22). Her motion to dismiss is denied. Failure of the appealing party to file a supersedeas bond simply means that the judgment of the trial court may be enforced and is no ground for dismissing the appeal. *Perkins v. Rowland,* 69 Ga. 661 (1882); *Spooner v. Coachman,* 18 Ga. App. 705 (90 SE 373) (1916).

The appellant's divorce complaint also prayed that an implied trust for his benefit be impressed on certain properties in the wife's name. The trial court directed a verdict for the wife decreeing title to a 96-acre tract on which the marital residence is located to be in her name. The trial court denied the wife's motion for directed verdict as to the remaining tracts, and the jury returned a verdict granting the husband one-half interest in these properties, together with certain chattels located thereon.

1. The husband appeals, enumerating error upon

the trial court's direction of a verdict in favor of the wife as to the 96-acre tract.

It appears that the wife received a one-half undivided interest in this property as a devise from one of her ancestors. The other one-half undivided interest had been devised to her father, who conveyed his interest in the property to her in consideration for the grant to him of the timber rights to the property.

The appellant argues that the appellee's father actually intended to make a gift to him of one half of the property he had conveyed to the appellee and that this parol gift of land became complete and irrevocable upon his making improvements on the property, citing *Barfield v. Hinton,* 235 Ga. 407 (219 SE2d 719) (1975). The appellant argues, therefore, that the appellee holds one half of the property she received from her father under an implied trust for his benefit. See Code § 108-106 (1). We do not agree. The appellant has not carried his burden of proving all the essential elements of the alleged parol gift. Code § 48-101. See *Milton v. Milton,* 195 Ga. 130 (2) (23 SE2d 411) (1942). The record shows, not that the appellee's father intended to make a gift of the property, but that he conveyed the property to the appellee by bargain and sale in consideration for valuable timber rights. The trial court did not err in granting the appellee's motion for directed verdict.

2. The wife cross appeals, enumerating error upon the trial court's denial of her motion for directed verdict as to the remaining tracts. The wife argues that the purchase money for these properties was furnished, not by the husband, but by a closely held family corporation. The wife argues, therefore, that awarding him a one-half interest in the property was tantamount to a prohibited alimony award to him. We disagree.

The purchase money for the properties was furnished by the family corporation, Crymes, Inc. The appellant and appellee are the sole officers and shareholders of this closely held corporation, whose existence is owed to their joint labors. Equitable ownership of the corporation is vested in the appellant and appellee alone and in equal shares. In determining the real source of the purchase money for the properties, we look to the substance of the

transactions in which the properties were bought rather than to their form and, in so doing, we believe that one half of the purchase money is fairly attributable to the husband. The award to him of a one-half interest in the properties under the theory of a purchase money resulting trust is, therefore, authorized. See Code § 108-106 (1).

An award to the husband of an interest in property, title to which is in the wife, under a theory of implied trust is in the nature of a property division and does not constitute an award of alimony to the husband. See *Barnes v. Barnes,* 230 Ga. 226 (196 SE2d 390) (1973).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1978 — DECIDED JANUARY 19, 1978 — REHEARING DENIED FEBRUARY 8, 1978 IN CASE NO. 33077.

*Glyndon C. Pruitt,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley, Richard B. Chandler,* for appellee.