## 34866, 34867. LLERA v. LLERA (two cases).

UNDERCOFLER, Presiding Justice.

Jeannine Llera appeals the denial of her motion for a new jury trial in her divorce case (Appeal No. 34866) and from a judgment of contempt (Appeal No. 34867). In her divorce appeal, she questions the admission of testimony by an expert and the form of the jury verdict, and in the contempt, she raises the authority of the trial court to find her in contempt of the divorce judgment while on appeal. We affirm both cases.

1. There was no error in admitting the expert testimony of a personnel agency employee familiar with placement opportunities for legal secretaries in Atlanta or in allowing her to answer a hypothetical question concerning the employability and potential salary of a person with Mrs. Llera's experience. Lack of personal knowledge of her skill was a factor going to credibility which could be weighed by the jury.

It is clear from the verdict that the jury intended to distribute the equity in the parties' residence. "The house located at 842 Oakdale Road, N. E., Atlanta, DeKalb County, Georgia, shall be sold and the lien thereon satisfied and the net proceeds shall be distributed as follows: Sixty-five (65%) percent to the plaintiff (Mrs. Llera) [and] thirty-five (35%) percent to the defendant." The verdict is therefore not vague and uncertain as contended by Mrs. Llera.

The motion for new trial was properly denied and Case No. 34866 is affirmed.

2. On August 22, 1978, the trial court, in entering the judgment on the jury's verdict, ordered "that the parties shall sign any and all documents necessary to place title in the name of the respective owners as set forth in this order . . ." A contract was obtained on the Oakdale Road property, but Mrs. Llera refused to co-operate to close the sale. Robert Llera filed an action in contempt on September 12, 1978. She then filed a motion for new trial and he sought a supersedeas bond. At the hearing on October 5, 1978, the trial court denied the motion for new trial and ordered Mrs. Llera to post a $10,000 supersedeas bond if she wished to appeal. She filed her notice of appeal

on October 10th, without obtaining the supersedeas bond. When Robert Llera insisted on his motion for contempt, the trial court overruled Mrs. Llera's contention that it lacked jurisdiction to act while her appeal was pending in this court on the ground that she had failed to post the bond in order to perfect the supersedeas pending appeal. We agree with the trial court.

It is axiomatic that in the absence of a supersedeas bond, the opposite party may proceed to enforce his rights at his peril in the court below. E.g.: *Crymes v. Crymes,* 240 Ga. 721 (242 SE2d 30) (1978); *Perkins v. Rowland,* 69 Ga. 661 (1882). We hold that this includes the right to enforce the judgment by contempt.

*Judgments affirmed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED MAY 31, 1979.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellant.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, Daniel A. Angelo,* for appellee.