## 59386. HAWN v. CHASTAIN et al.

CARLEY, Judge.

Appellant filed an appeal to the superior court from a decision of the county zoning board. Pursuant to Code Ann. § 6-105 (b) the judge ordered appellant to post a supersedeas bond. When appellant failed to post the bond, the judge dismissed the appeal. An application to this court for a discretionary appeal was granted solely to consider whether, under Code Ann. § 6-105 (Ga. L. 1972, pp. 738, 740), an appeal to the superior court may be dismissed for failure to post a supersedeas bond.

"Filing of the notice of appeal and payment of costs or filing of an affidavit as above provided shall act as supersedeas, and it shall not be necessary that a supersedeas bond be filed: Provided, however, the superior court upon motion *may at any time require* that

supersedeas bond with good security be given in such amount as the court may deem necessary, unless the appellant files with the court an affidavit stating that because of his poverty he is unable to give such bond." (Emphasis supplied.) Code Ann. § 6-105 (b). Under this statute there can be no doubt that in the instant case the superior court had the power to enter the order requiring appellant to file a supersedeas bond. Therefore, resolution of the issue presented depends upon a determination of the extent of the inherent power of a superior court to compel compliance with its lawful orders. In other words, the issue is whether the superior court in a pending action has the power to dismiss that action, an appeal in the instant case, because of an intentional disregard of its lawfully entered order in that pending action. We find that the superior court possesses and may exercise that power under the circumstances of this case. The Georgia Civil Practice Act specifically endows the superior court with that power by providing that "[f]or failure of the plaintiff to . . . comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against him . . ." Code Ann. § 81A-141 (b). This Code section has been interpreted by the Supreme Court of Georgia as authorizing an order of dismissal by the superior court for the mere failure of a party to comply with an order to appear at a pretrial conference. *Weeks v. Weeks,* 243 Ga. 416 (254 SE2d 366) (1979). Since by the unambiguous provisions of Code Ann. § 6-105 the superior court has as much authority to require a supersedeas bond as it does to compel attendance at a pretrial conference, the power of the court to dismiss a pending appeal because of a party's failure to comply in the former situation should be no less than its power to dismiss in the latter.

*Crymes v. Crymes,* 240 Ga. 721 (242 SE2d 30) (1978), does not compel a contrary result. The issue in *Crymes* involved the power of an appellate court — the Supreme Court or this court — to dismiss an appeal to that appellate court because of the failure of an appellant to file a supersedeas bond in accordance with an order of the superior court issued under the authority of Code Ann. § 6-1002. *Crymes* proscribes the dismissal by the appellate court of an appeal filed in that court because of the failure of a party to comply with the order of *another* court, i.e., the trial court. In the instant case, however, the appeal was dismissed because of the failure of appellant to comply with an order of the court *in which the appeal was pending.*

It is clear that the ratio decidendi of *Crymes* was — at least in part — based upon the inhibitory language of Code Ann. § 6-809 which prohibits an appellate court from dismissing appeals except for clearly specified grounds. That Code section limits the right of an

appellate court to dismiss an appeal based upon events, occurrences or circumstances happening in the court from which the appeal is taken. Thus, the Supreme Court in *Crymes* found itself without power to dismiss the appeal because of a failure to post bond in accordance with the *superior court's order*. However, Code Ann. § 6-809 does not purport to restrict the power of an appellate court to dismiss an appeal for disobedience of an order of the appellate court in which the appeal is pending. Therefore, except as specifically provided in Code Ann. § 6-809, the Supreme Court and this court cannot dismiss an appeal for failure of a litigant to obey the order of trial court; but either court can and does dismiss appeals because of noncompliance with its own orders — such as an order under Rule 39 of the Supreme Court or under Rule 14 of this court requiring an appellant to file a brief. By the same reasoning, the superior court here had the power to enforce its lawfully entered order and that power included the authority to dismiss the case.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED APRIL 29, 1980 — REHEARING DENIED MAY 14, 1980 —

*John A. Howard, Kenneth L. Millwood, A. Jack Hinton,* for appellant.

*Joseph R. Bankoff, Conley Ingram, Peter M. Degnan, J. Douglas Henderson, Ben F. Smith, Charles L. Gowen,* for appellees.