## 36492. HAWN v. CHASTAIN et al.

HILL, Justice.

Certiorari was granted in this case to determine whether the consequence of failure to post a supersedeas bond ordered by the superior court pursuant to amended Code § 6-105 (Ga. L. 1972, pp. 738, 740) should be dismissal of the appeal. The Court of Appeals answered the question in the affirmative. *Hawn v. Chastain,* 154 Ga. App. 609 (269 SE2d 50) (1980).

Normally the superior courts are thought of as being our trial courts of general jurisdiction. They also act as appellate courts in some circumstances and this case involves one of those circumstances, namely an appeal to the superior court from the grant of a variance by a board of zoning appeals.

The case commenced in 1976 when Vulcan Materials Company agreed to lease certain tracts of realty in Cobb County zoned heavy industrial from Harold Chastain provided the local zoning authorities agreed that the property could be used as part of Vulcan's nearby rock quarrying operation. (Davidson Mineral Properties, Inc., was subsequently substituted for Vulcan.) The landowner and quarry operator filed a joint application to the Cobb County Board of Zoning Appeals for a variance from setback requirements which prohibited mining rock within 4,000 feet of a residential area and within 2,000 feet of any other use.

After an evidentiary hearing, the zoning appeals board approved the variance and appellant W. R. Hawn, joined by other property owners, appealed the decision to the Cobb County Superior Court.[1] Pursuant to Code Ann. § 69-1211.1 and § 12 (b) of the Cobb County Zoning and Planning Act, the appellants requested a trial de novo on the variance application. Disposition of the appeal to the superior court was delayed until after this court affirmed the superior court's ruling that the provisions allowing trial de novo were unconstitutional. *Bentley v. Chastain,* 242 Ga. 348 (249 SE2d 38) (1978).

Shortly after that decision, appellees filed a motion in superior court for a supersedeas bond as security for their damages for the delay. This motion was granted in March, 1979, under authority of Code § 6-105, *Rogers v. Anderson,* 95 Ga. App. 637 (98 SE2d 388) (1957), and *Peppers v. Peppers,* 96 Ga. App. 668 (101 SE2d 105)

---

[1]Mr. Hawn is the appellant in the superior court, as he was in the Court of Appeals, and Mr. Chastain and the quarry operators are and were the appellees in both of those courts.

(1957). As the only appellant who had not abandoned the action, Hawn was ordered to post a $75,000 supersedeas bond. Hawn's application for interlocutory appeal of the supersedeas bond order was denied by this court in April, 1979.

Davidson, Vulcan's successor, then filed a motion to dismiss the appeal to the superior court due to appellant's failure to post the $75,000 bond, and a rule nisi hearing was held on the motion. No bond was filed and the case was later dismissed for appellant's wilful failure to post the supersedeas bond ordered by the superior court. Hawn appealed to the Court of Appeals, which affirmed, *Hawn v. Chastain,* 154 Ga. App. 609, supra. We granted certiorari.

The question presented on certiorari is whether dismissal was a proper sanction for appellant's failure to post a supersedeas bond as ordered by the superior court under Code § 6-105, as amended in 1972.

Until 1972, Code § 6-105 provided that in appeals to the superior court from certain lower tribunals "The appellant . . . shall, previously to obtaining such appeal, pay all costs which may have accrued in the case up to the time of entering such appeal, and give bond and security for the eventual condemnation money (Act 1799, Cobb, 494.)" The bond was known as an "appeal bond" and this mandatory provision was interpreted to mean that an appeal could be dismissed for failure to post the bond. *Rogers v. Anderson,* supra.[2]

Code § 6-105 was entirely superseded in 1972. As amended by Ga. L. 1972, pp. 738, 740, Code § 6-105 (b) provides as follows: "(b) Filing of the notice of appeal and payment of costs or filing of an affidavit as above provided shall act as supersedeas, and it shall not be necessary that a supersedeas bond be filed: Provided, however, the superior court upon motion may at any time require that supersedeas bond with good security be given in such amount as the court may deem necessary, unless the appellant files with the court an affidavit

---

[2]It is doubtful that former Code § 6-105 was applicable to cases of this type prior to 1972 because appeals to the superior court from decisions of zoning appeals boards were governed by the provisions applicable to appeals from the courts of ordinary (now probate courts), Code Ann. § 69-1211.1, and appeals from the courts of ordinary were governed by the appeal bond provisions of former Code § 6-204, which were also mandatory, *Peppers v. Peppers,* supra. However, former Code § 6-204 was repealed by the 1972 act here in issue, Ga. L. 1972, pp. 738, 741, and amended Code § 6-105 is applicable here. That is, regardless of which former appeal bond Code section, § 6-105 or § 6-204, would have been applicable prior to 1972, they were both mandatory and both have been replaced by the 1972 amendment. See Code § 6-102 (c) as amended by the 1972 act.

stating that because of his poverty he is unable to give such bond."[3] Code § 6-105 (b) as amended is analogous to the supersedeas bond provided in Code Ann. § 6-1002 (a) (Ga. L. 1965, pp. 18, 22) applicable to appeals to this court and the Court of Appeals.

No case involving the dismissal of an appeal for failure to post a supersedeas bond has been decided under Code § 6-105, as amended, but the question has been answered on numerous occasions under the analogous provisions in Code Ann. § 6-1002 (a), both before and after the 1965 amendment.

In the first decision of this court, *Doe ex dem. Truluck v. Peeples,* 1 Ga. 1 (1846), the defendant in error (appellee) moved to dismiss the bill of exceptions because it had not been made to appear that bond and security had been given. Construing the predecessor of Code § 6-1002, Justice Joseph Henry Lumpkin wrote for the court (1 Ga. at 3): "The giving of bond and security is *optional,* not *compulsory.* In all cases where bond is given, or an affidavit filed as provided for by the law, it operates as a *supersedeas.* Failing to do this, the opposite party is at liberty to proceed to enforce his rights by execution, or otherwise."

This holding has been followed again and again.[4] The cases uniformly hold that the failure to post a supersedeas bond neither mandates nor permits dismissal of an appeal but simply allows the prevailing party (the appellee) to enforce the judgment pending appeal. As noted in *Defee v. Williams,* 114 Ga. App. 571, 572 (151 SE2d 923) (1966): "The proviso . . . requiring a supersedeas bond on motion of an appellee to the trial court is intended to prevent the notice of appeal from serving as a supersedeas, and does not operate as a condition precedent to deprive an appellant of his right to have his appeal transmitted to the appellate court for review. In the absence of such bond as may be required by the appropriate court the appellee is free to enforce the judgment *at his peril* pending decision on appeal."

---

[3]Amended Code § 6-105 (a), relating to payment of costs in the lower tribunal, provides as follows: "(a) No appeal shall be heard in the superior court until all costs which have accrued in the court, agency or tribunal below, if any, have been paid, unless the appellant files with the superior court or the court, agency or tribunal appealed from, an affidavit stating that because of his poverty, he is unable to pay the costs on appeal. In all cases, no appeal shall be dismissed in the superior court because of non-payment of the costs below until the appellant has been directed by the court to do so and has failed to comply therewith."

[4] *Perkins v. Rowland,* 69 Ga. 661 (1882); *Spooner v. Coachman,* 18 Ga. App. 705 (90 SE 373) (1916); *Ennis v. Ennis,* 207 Ga. 665 (63 SE2d 887) (1951); *Cummings v. Clegg,* 82 Ga. 763 (9 SE 1042) (1889); *Defee v. Williams,* 114 Ga. App. 571 (151 SE2d 923) (1966); *Allied Productions, Inc. v. Peterson,* 233 Ga. 266 (211 SE2d 123) (1974);

In *Crymes v. Crymes,* 240 Ga. 721 (242 SE2d 30) (1978), which construed Code § 6-1002 as amended in 1965, we held (at p. 721): "Failure of the appealing party to file a supersedeas bond simply means that the judgment of the trial court may be enforced and is no ground for dismissing the appeal. *Perkins v. Rowland,* 69 Ga. 661 (1882); *Spooner v. Coachman,* 18 Ga. App. 705 (90 SE 373) (1916)." The Court of Appeals in the case at bar distinguished *Crymes* on two bases, first that Code Ann. § 6-809 (b) prohibits this court from dismissing an appeal except on certain specified grounds, and second that this court cannot dismiss an appeal where the appellant fails to comply with a trial court order, but that pursuant to Code Ann. § 81A-141 (b) the superior court which required the supersedeas bond can dismiss an appeal for failure to comply with the order requiring the bond.

*Crymes v. Crymes,* supra, was not based upon the prohibition of Code Ann. § 6-809 (b) nor on a distinction between which court entered the order. That decision was based upon the historic nature of a supersedeas bond, *Perkins v. Rowland,* supra, *Spooner v. Coachman,* supra, as opposed to an appeal bond.

The 1972 amendment to Code § 6-105 converted the bonds required in appeals to the superior courts from appeal bonds to supersedeas bonds. The intent of the General Assembly that appeals *to* the superior courts not be dismissed for failure to post supersedeas bonds required under the 1972 amendment to Code § 6-105 (b) is clearly shown by subparagraph (a) of that amendment (see footnote 3) which expressly authorizes dismissal of the appeal for nonpayment of costs accrued in the lower tribunal after appellant has been directed by the superior court to pay such costs. Compare Code Ann. § 6-809 as amended by Ga. L. 1978, p. 1986.

We need not here decide whether or to what extent if any the Civil Practice Act, Code Title § 81A, is applicable to appeals to the superior courts as opposed to civil suits filed there (see Code Ann. § 81A-101).[5] In any event, Code Ann. § 81A-141 (b) does not authorize dismissal of an appeal to the superior court for failure to comply with an order requiring a supersedeas bond pursuant to Code § 6-105(b), as amended, where the General Assembly has not authorized dismissal as the sanction for such failure, but has merely authorized

---

*Byers v. Lieberman,* 126 Ga. App. 582 (191 SE2d 470) (1972); *Hubbard v. Farmers Bank,* 153 Ga. App. 497 (265 SE2d 845) (1980); *Spivey v. Schneider,* 234 Ga. 687 (217 SE2d 251) (1975); *Thornton v. Burson,* 151 Ga. App. 456 (260 SE2d 388) (1979); *Scroggins v. Ridge Nassau Corp.,* 135 Ga. App. 547, (218 SE2d 448) (1975); *Llera v. Llera,* 243 Ga. 733 (256 SE2d 461) (1979); *Lake Spivey Parks, Inc. v. Jones,* 118 Ga. App. 60 (162 SE2d 801) (1968).

[5]Compare *Howell v. Harden,* 231 Ga. 594 (1) (203 SE2d 206) (1974).

the requiring of a supersedeas bond, the effect of which is clearly established under another enactment (Code Ann. § 6-1002) and cases decided thereunder. Code Ann. § 81A-141 (b) does not authorize dismissal of a complaint for failure to comply with an order where the sanction for noncompliance is, as it is here, clearly not dismissal but some less severe sanction. See, e.g., *Maxey v. Covington,* 126 Ga. App. 197, 198-199 (190 SE2d 448) (1972) (considering Rule 41, F.R. Civ.P., the federal equivalent of Code Ann. § 81A-141).[6] The well recognized sanction for failure to post a supersedeas bond is that the appellee may proceed to enforce (or in accordance with) the judgment, subject to the outcome of the appeal. *Doe ex dem. Truluck v. Peeples,* supra, *Defee v. Williams,* supra. *Weeks v. Weeks,* 243 Ga. 416 (254 SE2d 366) (1979), is therefore not applicable here.

We hold that failure to file a supersedeas bond required pursuant to Code § 6-105 (b), as amended by Ga. L. 1972, pp. 738, 740, does not authorize dismissal of the appeal to the superior court even where that court finds such failure is wilful.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED NOVEMBER 5, 1980 — REHEARING DENIED NOVEMBER 25, 1980.

*Warren C. Fortson, John A. Howard, Kenneth L. Millwood,* for appellant.

*Joseph R. Bankoff, Conley Ingram, Peter M. Degnan, J. Douglas Henderson,* for appellees.

---

[6]As stated in Wright & Miller, Federal Practice and Procedure: Civil § 2369 (1971), regarding Rule 41 (b): "Dismissal for failure to comply with 'these rules' or with any order of the court is an amorphous ground that, if read literally, would allow dismissal for the most trivial noncompliance with the rules or court orders. Dismissals on this ground are considered in connection with the particular rule that has been invoked by defendant." The particular rule invoked here is Code § 6-105 (b), as amended. Compare Code § 6-105 (a), as amended (see footnote 3).