## 62972. LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE v. SCHWALL & HEUETT et al.

BIRDSONG, Judge.

Appellant Landmark First National Bank of Fort Lauderdale (Landmark) filed a garnishment against Schwall & Heuett (S&H) (a law firm) seeking funds of Landmark's judgment debtor Charles Motz. S&H answered essentially that it held no funds of the garnishment defendant Charles Motz.

The controversy first arose between two creditors of Motz, who are Landmark and the National Bank of Georgia (NBG). Landmark obtained a judgment against Motz in October, 1977. NBG obtained a judgment against Motz in May, 1980 and promptly recorded this judgment in the Fulton County general execution docket. Motz appealed NBG's judgment, but failed to post a supersedeas bond as requested by NBG.

In September 1980, certain real estate owned by Motz was sold to a third party. With respect to NBG's lien upon the property, an agreement was apparently made among the purchaser, Motz and the lienholder NBG whereby payment for the real estate was turned over by the purchaser to S&H, who is attorney for NBG, and whereby in consideration thereof NBG on October 1, 1980, issued quitclaim deeds releasing its lien upon the property. The funds were held by S&H in an escrow account pending Motz' appeal of NBG's judgment.

October 27, 1980, Landmark filed its own judgment against Motz in the general execution docket. In December 1980, Landmark served garnishment upon S&H for the funds held by S&H. This court on January 6, 1981, affirmed NBG's judgment. On January 7, S&H paid the escrowed funds to NBG, and on January 16 answered Landmark's garnishment saying that it had no funds of Motz and was not indebted to Motz. The trial court denied Landmark's traverse to this answer. *Held:*

We affirm. Although Landmark had a prior judgment against Motz, the appellee NBG by first filing had a proper prior lien on the real estate of Motz. It is true the sale of this real estate by Motz was

not a sale by execution of NBG, but NBG's lien lay upon this land, as Landmark's did not (Code Ann. § 110-515), when the owner Motz sought to sell it. When Motz sold it and NBG agreed to release and did by quitclaim deed release its judgment lien against the land, NBG was enforcing its judgment by exercising its lien against the real estate, as it was entitled to do in Motz' failure to post a supersedeas bond pending his appeal of the judgment (*Crymes v. Crymes,* 240 Ga. 721 (242 SE2d 30); Code Ann. § 6-1002 (a)), albeit at its peril. See *DeFee d/b/a Aerial Surveys v. Williams,* 114 Ga. App. 571 (151 SE2d 923). NBG was as entitled to exercise its lien on a priority basis when the land was sold, as it would have been to levy and force the sale of the property on its own, without regard to Landmark's prior judgment. Nothing is indicated to the contrary in *Brown Guano Co. v. Bridges,* 34 Ga. App. 652 (130 SE 695), which did not involve a real estate lien and in any case was decided before Code Ann. § 110-515 was enacted.

The funds held by S&H were held by it as agent and attorney for NBG; they were held by S&H for the benefit of its client NBG which had collected them upon release of judgment lien, and not for Motz. We have no legal authority or evidentiary reason in this case to view the circumstances as anything but the attorney's wise protection of funds for the benefit of the client NBG who at peril had collected them before the final binding judgment on appeal (see in this connection Code Ann. §§ 110-506; 110-507; and 110-508; *Crymes,* supra; *DeFee,* supra). In short, S&H had no moneys of Motz but had only the moneys of its client collected by the client in proper turn and with legal right but at some peril, since although the judgment and lien took effect as of their filing (Code Ann. § 110-501; 110-506; 110-515) the property of Motz was not actually bound thereto until the affirmance of the judgment on appeal. Code Ann. § 110-508. It was not any moneys that Motz, who had failed to post a supersedeas bond, had any further right to (see Code Ann. § 110-501; 110-506; 110-508) except in the future event NBG's judgment would be reversed or set aside on appeal (Code Ann. § 110-501), and this never did occur. The judgment of the trial court being correct for the reasons stated, we find it unnecessary to address appellant's arguments further.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 19, 1982.

*K. Morgan Varner III, Carolyn T. Thurston,* for appellant.
*Donald J. Goodman, Robert S. Wayne, Emory A. Schwall,* for appellees.