### 11840. LOYD v. THE STATE.

1. A conviction of the offense of shooting at another was not contrary to law, and the court did not err in charging on that offense.
2. The charge of the court as to the fixing of a maximum and minimum sentence afforded no ground for complaint by the defendant.
3. The exclusion of testimony that a certain warrant was for cheating and swindling was not ground for a new trial.
4. An instruction that the jury had been sworn to try the case " according to the evidence " was not subject to exception on the ground that it excluded from consideration the statement of the defendant.
5, 6. There is no merit in the exceptions to the effect that the court, in certain instructions, expressed an opinion as to what had been proved, and was argumentative, and unduly stressed the State's contentions, while ignoring those of the defendant.
7. The instructions on reasonable doubt are not subject to the exceptions taken.
8. The court did not err in giving written forms of verdicts to the jury.

DECIDED JANUARY 28, 1921.

Indictment for assault with intent to murder; from Bleckley superior court — Judge Graham. May 15, 1920.

1. Under an indictment for assault with intent to murder, alleged to have been committed by shooting Tobe Harrell with a pistol, Loyd was convicted of the offense of shooting at another. From the evidence it appeared that one Newsome, who had previously worked on Loyd's place and owed him money, was hired by Harrell and worked on Harrell's place; that Loyd caused the arrest of Newsome, and, when Harrell was about to sign a bond for Newsome's release, drew a pistol and shot him. In his statement at the trial Loyd said that after he had sworn out a warrant against Newsome for cheating and swindling, Harrell promised to pay Newsome's debt and promised that he (Harrell) would not sign a bond for Newsome's release, but he did not keep

these promises. As to the shooting the defendant said: "When he (Harrell) sat down at the end of the table to sign the bond, after promising me he would not do it and agreeing to pay me, I had a little old two-inch-barrel pistol in my pocket. I got that little old pistol out and shot the negro and made a flesh wound. I had no intention of murdering him. I just wanted to keep him from signing that bond and beating me out of my money." In the motion for a new trial it was contended that a conviction of shooting at another was unauthorized either by the evidence or by the statement of the defendant; that the defendant was either guilty of assault with intent to murder or not guilty of any offense, and that the instructions to the jury on the offense of shooting at another were unauthorized.

2. The exceptions to the charge of the court as to the fixing of a maximum and minimum sentence are sufficiently indicated in the decision.

3. The exclusion of testimony that the warrant referred to in the evidence was for cheating and swindling was alleged to be error because this fact shed light upon the transaction and the cause of the trouble.

4. It was alleged that the statement of the defendant was excluded from consideration by the charge to the jury that they had been sworn to try the case "according to the evidence."

5. It was alleged that the court expressed an opinion as to what had been proved, and was argumentative, and gave the contentions of the State very strongly, while ignoring the defendant's side of the case, in instructions to the jury, set out in special grounds 4, 5 and 6 of the motion for a new trial, as follows:

"No one has the right to shoot a human being with a pistol unless the act is justified or excused by some rule of law. The intentional shooting and wounding of a human being, whether a white man or a negro, with a pistol, is unlawful unless it is done under circumstances of justification or excuse, according to the principles of the Penal Code of this State." (5) "Refusing to pay an account or debt, or the signing of a bond, or attempt to sign a bond, as security for a person under arrest, is no provocation in law, and will not under any circumstances justify or excuse the shooting and wounding of a human being with a pistol." (6) "If you find beyond a reasonable doubt that in this

county, within four years prior to the finding of the indictment, the defendant, Tom Loyd, unlawfully and intentionally shot and wounded Tobe Harrell, a human being, with a pistol, the following rules should control you in arriving at a verdict: If the pistol as used by the defendant was a weapon likely to produce death, and the defendant intentionally shot and wounded said Tobe Harrell with said pistol with deliberate intent to kill him, solely for the reason that said Tobe Harrell failed or refused to pay a debt or an account, or solely because the said Harrell was signing or attempting to sign a bond as surety, the defendant would be guilty of the offense of assault with intent to murder. "

6. It was alleged that the defendant's statement was ignored and his contentions not fairly stated in the following part of the charge of the court: " If you should not find beyond a reasonable doubt that in this county, within four years prior to the finding of the indictment, the defendant intentionally and unlawfully shot and wounded Tobe Harrell, a human being, with a pistol, as alleged, or if you have a reasonable doubt of his guilt, you should return a verdict of not guilty. "

7. The court charged: " The State, however, is not required to prove the guilt of a defendant beyond all doubt. Moral and not mathematical certainty is all that can be expected in legal investigation. The doubt of a jury, to justify an acquittal, should be reasonable, and not mere vague conjecture or possibility of the innocence of the accused. " The defendant excepted to this charge on the ground that the court failed to charge the jury in this connection that if they had any reasonable doubt about the defendant's guilt they should acquit. The instructions here complained of were immediately preceded by an instruction that if the jury had a reasonable doubt of the guilt of the defendant, they should return a verdict of not guilty.

8. The court charged: " I have written out some forms of verdict corresponding with the charge that I have given you, and they will be handed to you, and you can select from these forms that form of verdict which coincides with your finding. " The defendant excepted to this on the ground that the court had no right to write the forms of the verdict for the jury on paper, and send them out with the jury in order to let the jury select from these forms the verdict which they could find; that the jury should

be left alone to make their verdict from their memory of what occurred on the trial of said case, and they should not be aided by any writing of the presiding judge purporting to be the form of the verdict.

*John R. Cooper, W. O. Cooper Jr., C. A. Weddington,* for plaintiff in error.

*W. A. Wooten, solicitor-general,* contra.

LUKE, J. 1. The evidence in this case shows conclusively that while Tobe Harrell was sitting in a chair in the sheriff's office in the court-house, preparing to sign a criminal recognizance for a man against who Loyd had sworn out a warrant, Loyd shot Harrell three times with a thirty-two-caliber pistol, hitting him once in the shoulder, once in the neck, and once near the heart. Loyd, in his statement on his trial, said: " I just wanted to keep him (Harrell) from signing that bond and beating me out of my money, " and, further, that he had no intention of murdering Harrell. Loyd was charged with assault with intent to murder and was convicted of shooting at another, with a recommendation that he be punished as for a misdemeanor, and was sentenced by the court as for a misdemeanor. The court did not err in charging the law of shooting at another; nor was the verdict finding defendant guilty of the lesser offense, with a recommendation that he be punished as for a misdemeanor, contrary to law.

2. Where the judge charged the jury in effect that the jury should fix a maximum and minimum sentence in the event of a conviction for either assault with intent to murder or shooting at another, but he fails to instruct them to fix such sentence if they recommend that he be punished as for a misdemeanor, and the judge himself imposes a misdemeanor sentence, the charge to this effect furnishes no ground of complaint on the part of the defendant.

3. There is no merit in any of the approved grounds of the motion for a new trial, and the evidence amply sustains the verdict.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*