34398. BRANHAM *v*. THE STATE.

DECIDED JANUARY 17, 1953.

*George Thomas,* for plaintiff in error.

*J. B. Edwards, Solicitor-General,* contra.

GARDNER, P. J.   The defendant's motion for a new trial contained no special assignments of error, but was based upon the "general" or statutory grounds only.   If there was evidence tending to support the verdict of the jury and such verdict was authorized by the evidence and was not contrary to law for any reason, then the trial court properly denied a new trial to the defendant and overruled his motion therefor.   There was ample evidence tending to show that the said Thelma Branham, the estranged spouse of the defendant was shot by him on said date; that the said Thelma Branham, in order to obtain certain belongings which she stated were yet in the defendant's possession, obtained the aid of five young men and proceeded to where she had resided with the defendant in Valdosta, Georgia, finding him in a nearby store; that as she went into the store she was met

at the door by a woman by the name of Merl Thomas, who flourished a pistol and threatened to shoot Thelma; that a struggle ensued; that the defendant entered the altercation, and during the melee struck the said Thelma several times with a hammer, and when she wrested the hammer from the defendant's control, he procured a pistol from his person, firing five shots at his estranged wife, two of them inflicting slight flesh wounds, for which she was treated. The defendant made no statement in his behalf, but introduced evidence tending to show that Thelma Branham entered this store with a pistol in her hand and threatened to shoot the defendant, and a struggle developed between her and the defendant for the gun in her possession, which was fired. Thelma Branham denied ever having a pistol, but there was some evidence that she had purchased a pistol. The five young men, who came with Thelma to aid her in moving her belongings from the house where she had lived with the defendant, testified substantially to the same effect and in support of the testimony of Thelma Branham that she was first assaulted by the woman with the pistol and the defendant striking her with a hammer and later firing at her five times with a pistol, striking her with two shots. These witnesses all testified that they did not see the wife of the defendant with a pistol in her possession as she entered the store. Under these circumstances, there was sufficient competent evidence authorizing the verdict of the jury that the defendant was guilty of unlawfully shooting at another. The verdict rendered was not contrary to law for any reason assigned.

It is true that the defendant was indicted for assault with intent to murder Thelma Branham by shooting her with a pistol, and the evidence would have supported a verdict that he was guilty as charged. However, it did not *demand* this finding.

The verdict finding the defendant, Mint Branham, guilty of the lesser offense of shooting at another is not contrary to law. See *Kidd* v. *State,* 10 *Ga. App.* 147, 148 (2, 3) (75 S. E. 266). The greater offense of assault with intent to murder, includes the lesser, shooting at another. See Code, §§ 26-1403 and 26-1702. A person may be convicted of shooting at another although indicted for assault with intent to murder. *Arnold* v. *State,* 51 *Ga.* 144; *Loyd* v. *State,* 26 *Ga. App.* 259 (106 S. E. 601). It was a

question for the jury whether or not the defendant was justified. *Alexander* v. *State*, 1 *Ga. App.* 289 (57 S. E. 996). The fact that the defendant, in shooting at another, wounded such person, does not make the defendant guilty of assault with intent to murder or of no offense at all under the evidence here; that is, it was, in such a case—the defendant contends— improper to find the defendant guilty of shooting at another person where his shots hit such other person. In *Mosley* v. *State*, 11 *Ga. App.* 1, 7 (74 S. E. 569), this court held: "One may shoot another and still be guilty of the statutory offense of shooting at another. It is not a question of marksmanship, but of intent and motive. A bad marksman may be guilty of assault with intent to murder, or of shooting at another, though his adversary was untouched because the bullet missed the mark. A better marksman may be 'guilty only of shooting at another, though he shoots down his assailant, if he does not shoot with intent to kill or if the shooting (though not justifiable) is done in passion in protecting himself . . against a mere assault and battery." The verdict here was not, void for uncertainty. See *Kidd* v. *State*, supra.

It follows that the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*