37879. MELROSE HILLS MEMORIAL PARK CEMETERY, INC. v. NORRIS.

DECIDED OCTOBER 22, 1959.

*Johnston & Bell*, for plaintiff in error.

*Frank R. Lea*, contra.

NICHOLS, Judge. ■ The defendant specified in the bill of exceptions as a part of the record: "The pleas and answers of Melrose Hills Memorial Park Cemetery, Inc." Its demurrers were not specified nor included in the record and since the term "pleas" does not embrace "demurrers," (see Words and Phrases, Vol. 32A, p. 248 and citations), no question is presented for decision by the complaint that the "movant . . . excepts and now excepts and assigns error on the said ruling . . ." overruling its general demurrer when such demurrer was not specified as a part

of the record or certified in the writ of error by the trial court, for as was said by the Supreme Court in *Moore* v. *Berry,* 210 *Ga.* 136 (1) (78 S. E. 2d 6): "The assignment of error in the bill of exceptions that the court erred in failing to sustain a general demurrer, based upon the ground that the petition failed to state a cause of action, is without merit, since it does not appear from the record that any such demurrer was interposed to the petition in the trial court."

■ The special grounds of the defendant's motion for new trial being neither argued nor insisted upon are treated as abandoned.

■ The sole remaining contention of the defendant is that the trial court erred in denying its motion for new trial on the usual general grounds.

" 'As was said by the Supreme Court in *Adler* v. *Adler,* 207 *Ga.* 394, 405 (61 S. E. 2d 824), "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." See also *Knox* v. *Knox,* 213 *Ga.* 677, 679 (101 S. E. 2d 89).' *Canal Ins. Co.* v. *Winge Bros.,* 97 *Ga. App.* 782, 787 (104 S. E. 2d 525)." *Halpern* v. *Strickland,* 98 *Ga. App.* 890, 891 (107 S. E. 2d 227). This same rule applies where the trial court hears the case without the intervention of a jury. *McJenkin Ins. & Realty Co.* v. *Burton,* 92 *Ga. App.* 832 (90 S. E. 2d 27).

The evidence adduced on the trial of the case, both for the plaintiff and the defendant, showed that a contract had been entered into. The plaintiff testified that he performed the contract in accordance with its terms, that the amount sued for was the amount agreed on for the work, and that he had not been paid. The defendant presented evidence that the contract was not performed according to its terms and that the work, as done by the

plaintiff, was worthless. The court, hearing the case without the intervention of a jury, was authorized by the evidence to find that the plaintiff performed the contract according to its terms. Therefore, the judgment of the trial court finding for the plaintiff the amount sued for was authorized by the evidence and the judgment denying the defendant's motion for new trial was not error for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*