## 49719. ENGINEERED BUILDERS, INC. v. LAMAR NASH BUICK-PONTIAC, INC.

EVANS, Judge.

Engineered Builders, Inc. constructed a building for Lamar Nash. In addition to the construction contract there was another agreement as to the obtaining of a construction loan and the payment of the interest for same.

The building was virtually completed, and a permanent loan was closed out with the contract payment being made to Engineered Builders, Inc. by Nash. However, the parties are now in disagreement as to the payment of the interest on the construction loan and as to the final completion of certain deficiencies in the building.

Engineered Builders, Inc. contends Lamar Nash, as President of Lamar Nash Buick-Pontiac, Inc., agreed for the corporation to pay this interest, but Nash contends

such agreement was the individual contract of Lamar Nash, not binding on the corporation.

Engineered Builders, Inc. sued Lamar Nash Buick-Pontiac, Inc. for this interest and expenses of litigation. Defendant answered and denied liability, but admits jurisdiction and that it had not paid the interest. It also pleaded a release of indebtedness by attaching an affidavit of a corporate officer of plaintiff that the full purchase price had been paid.

After a trial before the court without a jury, judgment was returned finding that plaintiff had not sustained its allegations and a finding was made in favor of defendant against plaintiff. Plaintiff appeals. *Held:*

1. Nash testified that the claimed interest payment was not a corporate debt, but was his individual debt. The court found that there was no agreement between the corporate defendant and plaintiff to pay the interest on the construction loan, but the contract was that of Nash individually with the plaintiff, citing *Jolles v. Holiday Builders,* 222 Ga. 358, 360 (149 SE2d 814); *Thoni Oil &c., Inc. v. Kimsey,* 114 Ga. App. 638, 639 (152 SE2d 576), which cases hold that even though there is a sole owner of a corporation, the corporate entity and the individual are still two separate and distinct persons. There was evidence to support this finding, although there was some evidence to show Nash had executed in writing a statement from which it could be inferred that someone would pay interest on the construction loan. The evidence authorized the finding that this was the individual undertaking of Lamar Nash. See *Mallette v. Mallette,* 220 Ga. 401, 404 (139 SE2d 322); *Melrose Hills &c. Cemetery v. Norris,* 100 Ga. App. 504, 506 (111 SE2d 649); *American Appraisal Co. v. Whitley Const. Co.,* 126 Ga. App. 398, 399 (190 SE2d 838).

Counsel for appellant argues that the judgment did not take into consideration the alleged agreement as to payment of interest, but was founded solely on the earlier written construction contract. We find this language in the judgment, to wit: "The evidence introduced was to the effect that Lamar Nash individually had bound Lamar Nash Buick-Pontiac, Inc. to be responsible for the amount sued for." We take this to refer to the alleged agreement

as to payment of interest. The trial judge then fully explained why the corporation was not bound by the alleged agreement. A judgment is presumed to have been founded upon legal evidence and that everything essential to the rendition of the judgment was before the court at time of its rendition. See *Kiser v. Kiser*, 101 Ga. App. 511 (114 SE2d 397). Further, a judgment which is correct will not be reversed even if it were shown (which is not the case here) that some incorrect reasons were cited as the basis for the judgment. See *Coker v. Atlanta*, 186 Ga. 473 (198 SE 74); *Hill v. Rivers*, 200 Ga. 354, 356 (37 SE2d 386); *Stahl v. Russell*, 206 Ga. 699 (2) (58 SE2d 135).

2. The other enumeration of error complains of allowance in evidence of failure of consideration over objection. But since this is a case heard without the intervention of a jury, and it is always considered that a trial judge "sifts the wheat from the chaff," it is presumed that no consideration was given to illegal evidence and that only legal evidence was considered. No reversible error is shown even if this evidence was allowed erroneously, for there was legal evidence sufficient to find for the defendant. *Bailey v. Holmes*, 163 Ga. 272, 275 (136 SE 60); *Rowell v. Rowell*, 211 Ga. 127, 130 (84 SE2d 23); *Lewis v. Am. Road Ins. Co.*, 119 Ga. App. 507 (167 SE2d 729); *Dowling v. Jones-Logan Co.*, 123 Ga. App. 380, 382 (3) (181 SE2d 75).

*Judgment affirmed. Pannell, P. J., and Webb., J., concur.*

Argued September 4, 1974 — Decided October 23, 1974.

*Cotton, Katz & White, J. Christopher Simpson*, for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson*, for appellee.