### 53080. WATTS v. THE STATE.
### 53081. DORRIS v. THE STATE.

MARSHALL, Judge.

The appellants, Watts and Dorris, were jointly indicted, tried and convicted of the offenses of aggravated assault and aggravated battery. Dorris was sentenced to serve 20 years for the aggravated battery and 10 years for the aggravated assault, said sentences to run consecutively. Watts was sentenced to serve 15 years for the aggravated battery and 5 years for the aggravated assault, his sentences also to run consecutively. Dorris enumerates 15 alleged errors and Watts enumerates 10. Many of the errors enumerated are duplicative but some are unique to each accused. Inasmuch as the alleged errors arose out of the same trial, however, we will treat the appeals as one. *Held:*

1. Each appellant enumerates as error the refusal of the trial court to order at state expense a verbatim transcript of the arguments of counsel and of the voir dire. The argument proceeds on the basis that the affluent defendant can afford to pay for a transcript and the fact of indigency of these two defendants deprives them of equal protection of the law unless the state furnishes them a free and complete transcript. It is noted that the court reporter recorded and transcribed those portions of the argument of counsel and those portions of the voir dire at which objection or controversy occurred.

This case did not authorize the imposition of the death sentence, consequently there was no requirement to provide a verbatim transcript of the entire voir dire to enable this court to determine possible issues falling within the holding of Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776). Moreover, Code § 27-2401 expressly relieves the trial court of ordering the court

reporter to prepare verbatim recordings of the arguments of counsel. See *Harris v. State,* 237 Ga. 718, 725-727. Appellants make no contention that the transcript is inaccurate nor have they shown any specific error or harm occurring within the portions of the voir dire and arguments omitted. At best, appellants have shown only that they had to appeal on an incomplete record. These are matters that rest in the sound discretion of the trial court. In the absence of an indication of specific prejudice, we find no abuse of that discretion. This enumeration is without merit. See *Welch v. State,* 237 Ga. 665, 669 (229 SE2d 390); *Newell v. State,* 237 Ga. 488, 490 (228 SE2d 873); *Chenault v. State,* 234 Ga. 216, 220 (215 SE2d 223); *Hall v. State,* 202 Ga. 619 (44 SE2d 234).

2. In their second common enumeration of error, appellants complain that they were denied potentially exculpatory evidence because the trial court denied them general access either directly or through an in-camera examination by the court to the files prepared and maintained by the state. This included possible prior convictions pertaining to the state's witnesses, any exculpatory matters in the state's files, and evidence of statements made by either appellant.

We start with the general proposition that the prosecution is not required to open its files for general inspection, and the appellant has the burden of showing how his case has been materially prejudiced even when the trial court declines to make an in-camera inspection. *Street v. State,* 237 Ga. 307, 316 (227 SE2d 750). It is true that Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), does require the state, on the defendant's request, to disclose evidence favorable either to defendant's guilt or punishment. But the defendant in a criminal case cannot compel the unfettered discovery and inspection of evidence in the possession of the state. *Quick v. State,* 139 Ga. App. 440, 441 (228 SE2d 592). Nor is the defendant entitled as a matter of right to receive copies of police reports and investigative reports made in the course of preparing the case against a defendant. *Nations v. State,* 234 Ga. 709 (217 SE2d 287); *Lundy v. State,* 139 Ga. App. 536, 538 (228 SE2d 717). Moreover, it was not error to fail to provide a written reproduction of an oral

statement made by the appellant Dorris. *Tarpkin v. State,* 236 Ga. 67, 69 (222 SE2d 364); *Hudson v. State,* 237 Ga. 443, 444 (228 SE2d 834).

In this case a part of the material sought by the appellants clearly was evidence which was not in the prosecution's file. This evidence could have been obtained only if the prosecution actively sought it. For the trial court to require production by the state of such evidence would require the state to investigate the case for the defense. This goes beyond the constitutional limits of Brady v. Maryland, supra, which only proscribed the suppression by the prosecution of evidence favorable to an accused. The prosecution does not suppress evidence by refusing to conduct a search for it, even though the evidence may be more accessible to the state than to the defense. *Hicks v. State,* 232 Ga. 393, 394 (207 SE2d 30); *Rini v. State,* 236 Ga. 715, 718 (225 SE2d 234). Finally, the appellants ultimately had access to all evidence used by the state. They have demonstrated no surprise, no prejudice, nor shown any inability to defend themselves fully and adequately by the withholding of real evidence in the hands of the state. It is an old and sound rule that error to be reversible must be harmful. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). This enumeration has no merit.

3. In their third combined enumeration of error, appellants complain that the trial court erred in not discharging one of the panels of the traverse jury. Because of crowded court conditions, one of the traverse jury panels prior to voir dire was placed in a room ordinarily used by witnesses. In that room was inadvertently placed a newspaper containing an article describing the nature of the trial and the offenses involved. Several of the jurors were exposed to the article either by reading it or having other jurors mention it in their presence. All jurors on that panel were examined for possible disqualification. With the exception of one who admitted to probable influence (and was excused), the remaining jurors maintained their impartiality and the absence of any influence by the article or a mention of it in their presence.

A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal

and impartial jury. *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189); *Hill v. Hospital Authority,* 137 Ga. App. 633, 636 (224 SE2d 739). The test as to whether unfavorable newspaper publicity has so prejudiced a case against one accused of a crime that a fair trial cannot be had is whether the jurors summoned to try the case have formed fixed opinions as to the guilt or innocence of the accused from reading such unfavorable newspaper publicity. The transcript in this case affirmatively reflects that these appellants were afforded all the law guarantees, namely, fair and impartial jurors. The rights of accused persons can be protected, and were in this case, through their right of challenge both for cause and peremptory, based upon full disclosure in the voir dire examination. *Dutton v. State,* 228 Ga. 850, 852 (188 SE2d 794). The relevant portions of the voir dire that were transcribed show without dispute that the jurors selected to try the appellants were perfectly impartial between them and the state. *Krist v. Caldwell,* 230 Ga. 536, 537 (198 SE2d 161). This enumeration is likewise without merit.

4. Appellants have voiced as an enumeration of error the wording of the indictment on aggravated battery and the charge of the court thereon. The indictment alleged appellants assaulted a victim by shooting her in the head with a shotgun and thereby depriving her of an eye. In substance, their complaint is that an "eye" is not an appendage to the body and therefore does not fall within the contemplation of the statute proscribing aggravated battery. From this position they assert that they were not adequately informed as to the nature of the indictment and the trial court erred in charging the jury that the eye was a member of the body.

Ga. L. 1968, pp. 1249, 1281 (Code Ann. § 26-1305) defines the offense of aggravated battery. Under the committee notes following Chapter 26-13 under § 26-1305, Aggravated Battery, it is stated that the section is designed to replace the former law on mayhem. Former Code § 26-1205 delineated as mayhem the putting out of both eyes or the one remaining; former Code § 26-1204 delineated as mayhem the putting out of one eye. Inasmuch as the putting out of an eye indisputably

constituted an offense of mayhem, it follows that an established offense of mayhem likewise constitutes an aggravated battery, the present offense standing in place of mayhem. This enumeration is without merit.

5. Appellants each complain in an enumeration of error that the trial court erred in allowing the prosecutor to ask appellant Dorris why he had not summoned as a witness a police officer to whom Dorris allegedly had given an innocent explanation for the firing of the shotgun which was used in the offenses charged. The enumeration was also extended to the argument of the prosecutor in referring to this fact. The basis of this complaint is that the question and argument amount to a comment on the right of the appellants to remain silent.

The state certainly was entitled to show that the testimony given by Dorris might be of recent fabrication, and it could use the absence of supportive and corroborative testimony as a matter of impeachment. In a trial of a criminal case in which the accused fails to give sworn testimony or to make an unsworn statement, it is improper for state's counsel to argue that fact to the jury. However, inasmuch as the district attorney's questions and argument made no direct reference to the failure of an accused to testify, and could not, since each appellant gave sworn testimony on the merits of the case, he was not prohibited from making these comments concerning the evidence in the case. See *Mitchell v. State,* 226 Ga. 450 (4) (175 SE2d 545); *Delvers v. State,* 139 Ga. App. 119, 121 (227 SE2d 844). There is no merit in these contentions.

6. Each appellant urges in an enumeration of error the failure of the trial court to charge on the law of circumstantial evidence. The evidence in this case clearly establishes that the two victims observed the two appellants following them in a car. They saw the car, being operated by Watts, draw alongside and one victim saw the appellant Dorris point and discharge a shotgun at practically point blank range into the car occupied by the victims resulting in injury to both victims.

A charge on circumstantial evidence is required only when the case is wholly dependent thereon, particularly where there was no request for the charge. *House v. State,* 232 Ga. 140, 146 (205 SE2d 217); *Bowen v. State,* 139 Ga.

App. 190, 192 (228 SE2d 187); *Williams v. State,* 129 Ga. App. 103 (4) (198 SE2d 683). The direct evidence of the appellants' participation is sufficient to deny reversal of conviction for a failure to charge on circumstantial evidence, where the charge was not requested. *Bowen v. State,* 139 Ga. App. 190, supra.

7.  Appellant Watts enumerates as error the fact that the trial court in its oral sentence imposed sentences of 15 and 5 years, for a total of 20, but did not orally state that the sentences were to be consecutive. In the court's written order of sentence, the trial court indicated that the sentences were to be served consecutively.

A sentence must be construed as any other judgment and the usual canons of construction should be applied. It must be reasonably construed in accordance with the intent of the trial court if the language discloses such intent clearly and without doubt or obscurity. The language should be given its ordinary meaning and should be construed to give effect to the intention of the judge who imposed it if possible. The language used by the trial judge is unimportant if the purpose and intent in pronouncing sentence is clear. The judgment or sentence must be construed in its entirety. *Shepard v. Bozeman,* 222 Ga. 585, 587 (151 SE2d 147). Moreover, the pronouncement upon the prisoner of the judgment of the law consists of the signing of the written sentence by the presiding judge and its delivery to the clerk for the record, and any oral announcement by the judge as to what the sentence is to be, is no part of such pronouncement. *Wright v. State,* 75 Ga. App. 764 (2), 767 (44 SE2d 569). The oral announcement and the written order of the presiding judge in this case are not inconsistent or ambiguous. The court stated it intended to impose a twenty year term upon Watts. That is exactly what the court did. There is no merit in this enumeration.

8. Appellant Dorris also complains in an enumeration that the trial court imposed the maximum punishment of 20 years and 10 years for the offenses of which he was convicted, yet did not allow the defense to see a presentence report which was utilized by the sentencing judge. The basis of this enumeration is that the court used the report in aggravation and to impose the

maximum sentence.

The transcript indicates that the trial court used the presentence report to mitigate and reduce the sentence of Watts. However, it is silent as to what import or impact it had in relation to the sentence imposed upon appellant Dorris. When counsel for Watts argued that the presentence report pertaining to Watts contained references to previous convictions which had not been made known to Watts, the trial court assured counsel for Watts that the court would disregard such information in assessing sentence against Watts. Thus the record affirmatively reflects that the trial court was aware of its responsibility to disregard evidence of prior convictions not made known to the accused prior to trial. Moreover, the court affirmatively used the presentence report to mitigate Watts' sentence.

In examining this enumeration, we are aware that the applicable statutes (Code Ann. §§ 27-2709, 27-2710) do not require the contents of presentence reports to be shared with counsel, and it is in the sound discretion of the trial judge whether to reveal the content of the report to counsel for the accused and for the state. Certainly the trial court was authorized to consider these reports for the purpose of deciding whether to suspend or probate all or some part of the sentences to be imposed in the case. Inasmuch as the record does not show the report pertaining to Dorris was used by the trial court to increase the length of the sentence, and does affirmatively show that it was used for the intended purpose in the case of Watts, i. e., to reduce the sentence, we will find no cause for reversal. See *Munsford v. State,* 235 Ga. 38 (218 SE2d 792). There is a presumption, in the absence of a strong showing to the contrary, that the trial judge separates the legal evidence from the "chaff" in reaching his decision (*McBryde v. State,* 34 Ga. 202, 204; *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77); *Workman v. State,* 137 Ga. App. 746, 749 (224 SE2d 757)) and that the court as a public official performed faithfully and lawfully the duties devolving upon it by law and considered only legal evidence. *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69, 74 (35 SE2d 899); *Campbell v. State,* 157 Ga. 233, 235 (121 SE 306); *Engineered Builders v. Lamar Nash Buick-Pontiac,*

133 Ga. App. 141 (2) (210 SE2d 179). In the face of a silent record, we will not presume error. We cannot say that the sentence imposed was not warranted under the facts nor will we say that it was unlawfully imposed based upon a speculative misuse of a presentence report. This enumeration lacks substantial merit.

9. Appellants complain that the trial court erred in not granting their motions for a new trial. These motions were based in great part on the matters previously discussed in this opinion. In addition, throughout this lengthy trial there were repeated motions for mistrial, some based upon the matters previously discussed and on other actions occurring during the course of the trial. We have examined each of these, as well as the additional enumerations of error with care. We find that none give cause for reversal of the convictions and sentence in this case. We conclude, therefore, that the remaining enumerations of error are all without merit.

*Judgments affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED JANUARY 11, 1977 — REHEARING DENIED JANUARY 28, 1977 —

*Leonard Cohen,* for Watts.
*McAllister & Roberts, J. Dunham McAllister,* for Dorris.
*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.