## 59662. SELL v. THE STATE.

SMITH, Judge.

Michael Leroy Sell appeals his conviction for armed robbery and the trial court's denial of his motion for a new trial. We affirm.

1. Appellant contends that his conviction was founded on an impermissibly suggestive show-up identification. A 7-11 Food Store was robbed at approximately 1:00 a.m. on January 25, 1978. The store employee later that day assisted the police in compiling a composite drawing of the robber. At approximately 4:00 a.m. on January 26, 1978 appellant and a friend entered the subject store and made purchases. The employee, recognizing appellant as the robber, slipped a note to another customer requesting that he call the police. Appellant was arrested shortly thereafter and taken to the police station. At approximately 7:45 a.m. that day, and at appellant's request, the employee accused appellant to his face of being the robber.

"As a general rule 'one on one' confrontations between an eyewitness and a suspect have been condemned. [Cit.] However ... 'a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances.' " *Davis v. State,* 233 Ga. 847, 848-849 (213 SE2d 695) (1975). Under the circumstances in this case we do not feel that the confrontation was unduly suggestive. Appellant's first enumeration of error is without merit.

2. Appellant enumerates as error several rulings by the trial court relating to a conversation between appellant and police detective Workman. The detective reduced to writing certain notes that he had made of this conversation and attached them to his initial report; the detective also used these notes to refresh his memory while testifying.

Appellant contends that the trial court erred in denying his motion to compel disclosure without making an in camera inspection to determine the contents of his oral statement which had been reduced to writing. "We start with the general proposition that the prosecution is not required to open its files for general inspection, and the appellant has the burden of showing how his case has been materially prejudiced even when the trial court declines to make an in-camera inspection. *Street v. State,* 237 Ga. 307, 316 (227 SE2d 750) . . . Nor is the defendant entitled as a matter of right to receive copies of police reports and investigative reports made in the course of preparing the case against a defendant."[1] *Watts v. State,* 141 Ga. App. 127, 128 (2) (232 SE2d 590) (1977); *Baker v. State,* 245 Ga. 657 (3) (266 SE2d 477) (1980); *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974).

Appellant's defense consisted primarily of his alibi that he was at his brother's house on the other side of town at the time of the robbery. When asked what time appellant had told him he had left his brother's, the detective testified first that appellant had told him midnight. Later he testified that he was told between midnight and 1:00 a.m. although his notes indicated that appellant had unequivocally stated 1:00 a.m. Appellant, therefore, was able to place before the jury his exculpatory statement made to the police, as well as impeach the detective's initial testimony. Under the circumstances appellant has failed to show any material harm to his case by the court's refusal to conduct an in camera inspection. *Watts v. State,* 239 Ga. 725 (2) (238 SE2d 894) (1977); *Tarpkin v. State,* 236 Ga. 67 (2) (222 SE2d 364) (1976).

Furthermore, "[h]ere appellant's own [statement] as set out in the [detective's] notes [was] the subject of his Brady motion. Thus, this was not information unknown to the defense and subject to

---

[1]However, see Ga. L. 1980, p. 1388 which amends Code Ann. Ch. 27-13 to allow for the discovery of a defendant's statements made in police custody and scientific reports to be used by the state. We note in addition the case of *Wilson v. State,* 246 Ga. 62, 65 (268 SE2d 895) (1980), wherein the court held that "[w]here a Brady motion is made and the prosecutor does not make the specified material available to defense counsel, the trial judge *should* make an in camera inspection of the material sought," was decided subsequent to the trial of this case.

discovery under Brady." *Baker,* supra at 661. Therefore, enumerations of error nos. 2, 3, 4, 5 and 7 are without merit.

3. Appellant argues that the following portion of the court's charge effectively reduced the state's burden of proof, to wit: "The state, however, is not required to prove the guilt of the defendant beyond *all* doubt not to a mathematical certainty." (Emphasis supplied.) As this charge is a correct statement of the law, and in light of the trial court's thorough instructions on reasonable doubt, appellant's sixth enumeration of error is not meritorious. *Loyd v. State,* 26 Ga. App. 259 (7) (106 SE 601) (1920); see Code § 38-110.

4. Appellant also enumerates as error the court's refusal to permit cross examination of Detective Workman regarding conflicting testimony he gave in the previous trial of this matter. The state objected to the following question to the detective as being improper: "Do you recall when this case was previously tried and I asked you about your memory . . ." Since there was never any reference to the results reached in the previous trial, appellant could attempt to impeach a witness by using his previous testimony. See *Carroll v. State,* 147 Ga. App. 332 (5) (248 SE2d 702) (1978).

However, a proper foundation must be laid before previous contradictory statements may be proved against a witness. "[T]he time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible; and if in writing, the same shall be shown to him, or read in his hearing, if in existence . . . " Code § 38-1803. " '(T)he cross-examiner will ask the witness whether he made the alleged statement, giving its substance . . .' " *Carter v. State,* 244 Ga. 803, 806 (262 SE2d 109) (1979). Since appellant only asked the witness if he recalled his previous testimony, the required foundation was not laid for impeachment. *Carroll,* supra, at 335 (6); *Carter,* supra. See also *Smith v. State,* 17 Ga. App. 298 (1) (86 SE 660) (1915).

5. In his ninth enumeration of error appellant complains that he was denied potentially beneficial information because the state failed to furnish him with the name of a police officer who had talked with the 7-11 employee for a couple of hours immediately following the robbery. However, "the defendant in a criminal case cannot compel the unfettered discovery and inspection of evidence in the possession of the state. [Cit.]" *Watts v. State,* 141 Ga. App. 127, 128 (232 SE2d 590) (1977). Appellant was furnished a list of the state's witnesses and a copy of the indictment. The officer's name did not appear on either nor was he called as a witness. Furthermore, the employee testified that the officer was a personal friend and their conversation was for the purpose of quieting her nerves.

Appellant has shown no prejudice nor any inability to defend

himself fully and adequately as a result of the state's withholding the officer's name. "It is an old and sound rule that error to be reversible must be harmful. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). This enumeration has no merit." *Id.* at 129.

6. A .38 caliber revolver was identified by a state witness as having been found at the residence of appellant. The employee identified the gun as being the same as or similar to the gun used in the robbery. Therefore, the gun was properly admitted as "relevant evidence as a possible weapon used in the crime, and . . . it was for the jury to determine its weight and effect. [Cits.]" *Washington v. State,* 243 Ga. 329, 334 (3) (253 SE2d 719) (1979). Appellant's tenth enumeration of error is without merit.

7. Reviewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130 (5) (259 SE2d 71) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED APRIL 15, 1980 — DECIDED NOVEMBER 6, 1980 —

*Kenneth B. Cail,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.

